167 So.2d 200 (1964)
The HIBERNIA NATIONAL BANK OF NEW ORLEANS
v.
James R. MARY.
No. 1650.
Court of Appeal of Louisiana, Fourth Circuit.
September 1, 1964.
*201 Phelps, Dunbar, Marks, Claverie & Sims, Louis B. Claverie, New Orleans, for relator.
James David McNeill, New Orleans, for respondent.
Before REGAN, YARRUT and BARNETTE, JJ.
CHRIS T. BARNETTE, Judge pro tem.
On August 7, 1963, The Hibernia National Bank in New Orleans (Relator in the proceeding now before us) filed a suit for foreclosure of mortgage by executory process against James R. Mary. The usual order for legal demand, seizure and sale of the mortgaged property was issued. The defendant, Mary, did not appeal from the order as provided in LSA-C.C.P. art. 2642, but instead sought to assert his defenses through an injunction proceeding to arrest the seizure and sale as provided in LSA-C.C.P. arts. 2642, 2751 and 2752. His defense and claim of right to injunctive relief were predicated upon the contention that the collateral mortgage note and obligation was unenforceable until the primary or hand note had matured, and secondly, that the mortgage note, upon which foreclosure was sought had prescribed.
After hearing on all the issues raised by defendant's petition for injunction, the trial court held on March 11, 1964, that the plea or defense of prescription, raised by defendant, Mary, was without merit, but the Court was of the opinion that the pleadings were insufficient to sustain the executory process in that the petition failed to allege the amount due and payable under the principal obligation, for which the mortgage note was given in pledge as security. A motion for new trial on behalf of the plaintiff, Hibernia, resulted in a modification of the judgment of March 11, 1964, and accordingly, judgment was rendered, signed and filed April 8, 1964, granting to plaintiff, Hibernia, leave to file supplemental and amended petition, setting forth the amount due and payable on the principal obligation or hand note. The writ for preliminary injunction was then made absolute to the extent of limiting the executory process to the amount alleged due and payable in the supplemental petition, to wit, $90,000.00, with interest, attorney's fees, etc. In effect the judgment rejected the defenses raised by defendant, Mary, and denied him the injunction sought.
Rather than appeal from the ruling of the trial court, the plaintiff, Hibernia, elected the more expeditious alternative of proceeding on the supplemental and amended petition and accordingly obtained a new order (April 8, 1964) for executory process, in effect reaffirming the executory process order of August 7, 1963. In accordance therewith a new demand for payment was made and no appeal was taken.
On April 15, 1964, the defendant, Mary, filed a second petition for injunction predicated substantially upon the same grounds as previously raised and rejected. In this new petition he was joined by his wife as cointervenor. While hearing was pending on this second petition for injunction, and notwithstanding that a temporary restraining order was in effect, Mary applied to this Court for writs to stay the proceedings in the trial court which he had instituted. Writs were refused by the Court May 11, 1964, for the reason that the application was premature. (The Hibernia National Bank in New Orleans v. James R. Mary, No. 1549 on the docket of this Court.)
Thereafter application was made to the Supreme Court for writs. The Supreme *202 Court held the application without action until judgment was rendered in the trial court June 4, 1964, denying the preliminary injunction. Thereupon on June 8, the Supreme Court refused writs. 164 So.2d 361.
On June 18, 1964, defendant, Mary, petitioner in the proceeding for injunction applied for and obtained an order for suspensive appeal from the judgment denying him a preliminary injunction upon giving bond of $9,000.00. The order granting appeal concludes with the following words:
"let all further proceedings herein be stayed during the pendency of said appeal."
It is this stay order of which relator, The Hibernia National Bank in New Orleans, complains primarily. Secondarily, it complains that the bond of $9,000.00 is grossly inadequate inasmuch as the stay order has the effect of a suspensive appeal of the executory process order, for which no right of appeal now exists, but in any event, should not be suspended except on bond of one and one-half the amount of the indebtedness.
Relief was sought by Hibernia in the trial court on a motion for rehearing and to correct the order of appeal. On July 24, 1964, the rule was discharged and the motion denied. Whereupon, application was made to this Court for writs under our supervisory jurisdiction. On August 26, 1964, an alternative writ of mandamus was ordered directed to the respondent judge ordering him to strike and delete from the order of appeal the stay order or show cause to the contrary on or before 1:00 o'clock p. m., August 28, 1964. The Honorable Edward J. Stoulig, District Judge, respondent, has complied with that order by filing in this Court a timely answer setting forth his reasons.
The questions presented are: (1) Was the order granting a "suspensive appeal" authorized, since the judgment appealed from was one denying a preliminary injunction, and hence left nothing to suspend? (2) Did the trial judge have the authority to order "all further proceedings herein be stayed during the pendency of said appeal?" (3) Should the appeal bond be for one and one-half the amount of the indebtedness, since the stay order has the effect of a suspensive appeal of the executory process order?
The answer to the first question is found in that portion of LSA-C.C.P. art. 3612 which reads as follows:
"An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders."
Obviously the appeal related to a preliminary injunction and the right to make the appeal suspensive is discretionary with the trial judge.
But the use of the word "suspensive" is meaningless since there is no judgment to suspend. The appeal, therefore, by whatever name it is called, can have no meaning except devolutive. Brock v. Stassi, 189 La. 88, 179 So. 44.
The answer to the second question is likewise found in LSA-C.C.P. art. 3612 in the third paragraph which reads as follows:
"An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided."
Unquestionably the trial judge may stay further proceedings within his discretion. But the issue here becomes one of interpretation of what "further proceedings" he may stay in his discretion?
It is our opinion that the "further proceedings" referred to in this article *203 mean further proceedings in regard to the subject matter of the article, namely, preliminary and final injunctions. This article is one of several in Chapter 2 (of Book VII) entitled "Injunction." This Chapter relates to injunctions in general, and its use as a defensive measure against seizure and sale in executory process is authorized by Article 2752. The Court cannot assume greater authority in the application of this article to a suit for injunction against executory process than it has in its application to injunction against any other act complained of. By way of illustration, let us assume that A seeks to enjoin B from demolishing a house and judgment denies preliminary injunction. A suspensive appeal is ordered and all further proceedings are stayed pending appeal. Certainly this would not stop A from proceeding with the demolition of the house. The stay of "further proceedings" could only relate to proceedings for injunctionnot proceeding with the act complained of but not enjoined. Any other interpretation leads to absurd conclusions.
To illustrate further, a wife sues husband for divorce. She petitions for a preliminary injunction to enjoin disposal of certain property claimed by her as community or separate. Preliminary injunction is denied, the petition being without merit. A suspensive appeal is ordered with a "stay of further proceedings." Does this stop the proceeding for divorce? We think not, but relates only to the proceeding for injunctive relief. This is analogous to the factual and legal situation now before us. The law must be applied with the same interpretation in both cases.
To interpret the stay order, as evidently intended by the respondent judge, to apply to the proceeding of executory process would allow to be done indirectly that which there is no authority to do directly, namely, to operate as a suspensive appeal from executory process, after the right to such appeal has passed, and then for a nominal bond. Such interpretation would seriously impair and to a large extent nullify the operation of the laws relating to executory process. This obviously is not the intent of Article 3612. To allow the stay order to stop the executory process amounts to a nullification of the court's judgment denying injunction. It grants the precise relief the court intended to deny. It is a contradiction on its face. If indeed such was the court's intent, it should have granted the injunction.
The Supreme Court in American National Bank v. Bauman, 173 La. 336, 137 So. 54, pointed out the abuses which existed under our law prior to 1924 with respect to injunctions in executory process cases. It observed that Act 29 of 1924 (later R.S. 13:4062-4071) was enacted for the purpose of correcting these abuses. By incorporating these articles in the Code of Civil Procedure, it could hardly be assumed that it was intended to reinstate these abuses which would be the result if the interpretation of the trial judge were held to be correct.
As we interpret the law, the trial judge did have authority to grant the stay of further proceedings, the effect of which is, however, not as he intended, but only to the extent we have above indicated. Rather than benefit the petitioner, as intended, he has done the opposite, for the order now prevents him from proceeding further in the hope of securing a "final injunction." The judgment of June 4, 1964, appealed from, merely discharges the rule and denies the prayer for a preliminary injunction. This is not a final and conclusive judgment. Except for the order staying further proceedings (for injunction) there might yet be a possibility of an injunction being granted if the trial judge is of the opinion that otherwise the mortgagor, Mary, might suffer irreparable injury.
Our answers to the first and second questions make unnecessary any further discussion of sufficiency of bond.
We are impressed with the argument of the learned trial judge in his "reasons for *204 Judgment" filed July 24, 1964, and with his answer filed herein. We agree that the Code of Civil Procedure, adopted in 1960, and Section 2 of the Act 32 of 1960 cited by him, repealing LSA-R.S. 13:4062-4071, make some significant changes in the law regarding appeals relating to preliminary and final injunctions. There is really no difference in our opinion, except to the extent of the interpretation we have discussed above.
In his "Reasons for Judgment" the trial judge said:
"Counsel for the plaintiff contends that the original judgment denied the defendant a preliminary injunction, which he attempted to assert by an intervention in this executory proceeding. Therefore the only further proceedings which can be stayed, would be in connection with the application for the preliminary injunction and this part of the order of appeal is not applicable to or effective against any action taken in pursuance of the order for executory process. In substance he submits that this matter comprises two separate and distinct causes of actions, one being an executory proceeding and the other an application for injunctive relief.
"The Court cannot agree with counsel's construction that the two civil procedures of executory process and injunction, as utilized in this suit, are so totally unrelated or independent of each other, so clearly divisible, as to constitute two distinct causes of actions. The defendant's right to seek injunctive relief came into existence only upon the issuance of the order of executory process, since this is the only procedure available to him to urge his defense or plea of prescription in the executory proceeding. The plaintiff's action in attempting to enforce its mortgage by executory process activated the right of the defendant to proceed by way of an injunction, which he could not have otherwise maintained. How then can it be said that these two proceedings are separate, distinct and independent of each other, when the right to injunctive relief, in this instance, arises out of the issuance of executory process?"
Article 2752 of the Code of Civil Procedure provides:
"The petition for injunction shall be filed in the court where the executory proceeding is pending, either in the executory proceeding or in a separate suit. The injunction proceeding to arrest a seizure and sale shall be governed by the provisions of Articles 3601 through 3609, and 3612, except as provided in Article 2753."
If the petitioner for injunction (Mary) had elected to file his petition as a separate suit, rather than in the executory proceeding, as he did, we do not think the views expressed by the trial judge would be any less valid. Without passing directly on this question, it is our opinion, for the reasons above stated that the authority conferred by LSA-C.C.P. art. 3612 to "stay further proceedings" relates to further proceedings for injunction, the subject of the article, and to that extent only can it be given effect.
For these reasons, it is ordered that the alternative writ of mandamus ordered herein August 26, 1964, be now recalled.
It is now ordered that the order of appeal granted by the Honorable Edward J. Stoulig, Judge of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, of date June 18, 1964, in proceeding No. 77-542, entitled The Hibernia National Bank in New Orleans v. James R. Mary, in no wise be construed to suspend the executory process ordered by said Court on August 7, 1963, reaffirmed by order of April 8, 1964, in said numbered and entitled proceeding. It is further ordered that a writ of prohibition now issue herein directed to the Honorable Edward J. Stoulig, Judge of the Twenty-Fourth Judicial District Court for *205 Jefferson Parish, Louisiana, prohibiting him from staying the prosecution by petitioner, The Hibernia National Bank in New Orleans, of the executory process ordered herein or from prohibiting the advertisement and sale of the property seized thereunder in the manner prescribed by law through executory process, except, as may be in accordance with law after a hearing on the merits for a final injunction.
Writ of mandamus recalled. Writ of prohibition granted.