SAMUEL Judge.
In this suit for foreclosure by executory proceeding to enforce a mortgage on immovable property the defendant filed a petition for an injunction to arrest the seizure and sale and obtained a temporary restraining order preventing the sheriff from selling the property. Following a hearing on the rule to show cause why a preliminary injunction should not issue, there was judgment denying the application for preliminary injunction and revoking the temporary restraining order previously issued. On application of the defendant we granted certiorari to determine the validity of the proceedings.
Evidence taken at the hearing on the rule shows: Defendant sought a loan from the plaintiff for the purposes of converting her house into rental units or adding such units thereto, of paying an indebtedness of approximately $2,200 to the Small Business Administration and of paying other small bills. The litigants anticipated the conversion into or adding rental units would cost approximately $6,000. On August 19, 1968 defendant executed a note and mortgage on the property in the amount of $8,500. Although the note provided for monthly installment payments of $80 beginning September 15, 1968, it was understood between the litigants that payments would not begin until at least 60 or 90 days thereafter, at which time they anticipated the work would be completed. There is a dispute relative to the exact meaning of this understanding due to the fact that the work was never completed but we find it unnecessary to resolve that question.
Defendant desired to have the work done by one of her relatives, a carpenter, who was willing to do the work for $4,500. However, the relative was unacceptable to plaintiff, according to defendant’s testimony, because he was not bondable. Upon plaintiff’s recommendation, a Mr. Thomas Wolfe presented an unsigned proposal containing estimates to do the work for $6,000 which defendant accepted and signed but which Wolfe did not sign. Particularly due to some plumbing problems, Wolfe was doubtful that the work could be done for $6,000 and for that reason did not sign a contract.
Wolfe began the work about one month after the date of the note and mortgage. During November or December, 1968 (the record is not clear as to the exact time) he discovered that $6,000 in fact was insufficient. He explained this to the plaintiff and thereafter no further work was done on the building.
Defendant did not receive any of the money represented by the note when that instrument and the mortgage were execut *192 ed. Instead, by agreement between the litigants, as the work progressed plaintiff paid bills for labor and material with its checks payable jointly to defendant and Wolfe or to the suppliers.
Plaintiff did not receive any of the payments required by the note (or, again a dispute which we find it unnecessary to resolve, defendant offered to make some payments which plaintiff refused . because the same were late) and on April 29, 1969 it filed this suit seeking the amount of $4,768.79, together with interest, attorney’s fees (as provided by the note) and costs, to be paid out of the proceeds of the sale.
During the hearing of the rule plaintiff offered evidence in the form of testimony, bills and cancelled checks for the purpose of proving the $4,768.79 sought consisted solely of - money it had expended in the course of the work for labor and materials and $150 in payments it had made on the small business loan. After Wolfe ceased work plaintiff made no further payments on the small business loan nor did it attempt to make any arrangements to finish the work.
The petition alleges plaintiff is the holder and owner of the note in the amount of $8,500 and describes the note in detail, mentioning particularly the monthly installments called for. The petition also alleges “The note is subject to a credit on the principal of -0-, leaving a principal balance of $4,768.79, with interest at the rate of Eight per cent (8%) from date, as will more fully appear by reference to statement attached hereto and made part hereof” and that payments on the note are in arrears in excess of six months.
In addition to the statement referred to above the petition alleges two other exhibits are attached thereto: the note and the mortgage. The note and mortgage are so attached. The note is properly paraphed and identified with the mortgage. The mortgage is by authentic act, imports a confession of judgment and contains the usual acceleration clause. In these two instruments the only reference to the manner in which the $8,500 loan, in whole or in part, was advanced to or received by the defendant is this mortgage provision: “Which said appearer [defendant] declared and acknowledged that she is justly and truly indebted unto AMERICAN BUDGET PLAN, INC. in the full and true sum of EIGHT THOUSAND FIVE HUNDRED AND NO./100 ($8,500.00) DOLLARS borrowed money, which the said American Budget Plan, Inc. has this day loaned and advanced to mortgagor * * (Emphasis ours.) No statement relative to the principal balance due was in fact attached to or filed with the petition.
In this court defendant contends: (1) the note was fraudulently obtained; (2) there was a lack or absence of consideration; and (3) the foreclosure suit was premature because no payments were due on the note until the work on the house was completed. We find it unnecessary to consider any of these contentions for the reason that we are of the opinion a preliminary injunction arresting the seizure and sale must be issued because of a lack of sufficient authentic evidence to justify ex-ecutory proceeding. An appellate court may notice such a lack even though not urged by a plaintiff in injunction. LSA-C.C.P. Art. 2164; General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417.
Our long settled law is that exec-utory proceeding will not lie unless sufficient authentic evidence is offered to support every link in the chain of evidence necessary to justify the order of seizure and sale; no matter can be entertained in pais; and the requirement of authentic evidence is relaxed only in those cases, and only to the extent, specifically provided by law. LSA-C.C.P. Arts. 2634, 2635 and 2635 comment (b). LSA-C.C.P. Art. 2635 provides, inter alia: “The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage *193 or privilege.” Certainly, proof of the existence of a debt on which the suit is based is a link in the chain of evidence necessary to justify executory proceedings; without an obligation on the part of the alleged debtor the alleged creditor would have no action at all.
As has been pointed out, in the instant case the only authentic evidence before the court relative to the existence of a debt are the $8,500 note and the mortgage provision stating that sum of money had been loaned and advanced to the defendant on the day the note and mortgage were executed. Evidence taken on the rule for preliminary injunction clearly establishes that this mortgage provision is incorrect; both litigants admit, without reservation of any kind, that no money at all was advanced to or received by the defendant on that day. As the only authentic evidence offered by the plaintiff relative to the existence of a debt is incorrect, the record is devoid of any evidence in authentic form showing that a debt in fact existed. Authentic proof of the existence of a debt being necessary and absent, plaintiff cannot use executory process; it must be relegated to the use of an ordinary proceeding.
We note there is a material difference between the instant case and the usual transaction involving construction wherein the mortgage states the money loaned is advanced and that amount actually is transferred to what is referred to as an escrow account, in the mortgagor’s name, out of which the money is withdrawn as the work progresses under authority of a contract between the parties for such withdrawals ; in such cases the money actually is loaned and advanced as stated in the mortgage provision. We also note a material difference between this case and those in which there are disputes involving the amount remaining due on the debt; a sale by executory proceedings cannot be enjoined because of such disputes; the sale is made to satisfy the undisputed or actual debt. See Mayfield v. Nunn, 239 La. 1021, 121 So.2d 65; Crowley Bank & Trust Co. v. Hurd, 137 La. 787, 69 So. 175; Berger v. Burglass [De Salvo], La.App., 156 So.2d 323. In those cases involving such disputes there is authentic proof of the existence of a debt.
For the reasons assigned, the judgment rendered and signed herein by the trial court on June 12, 1969, which judgment denies the application for a preliminary injunction, is annulled and reversed. The matter is remanded for the purpose of issuing a preliminary injunction the trial court being now ordered and directed to issue the preliminary injunction as prayed for, and for the purpose of hearing further proceedings herein, all in conformity with the views expressed in this opinion and in accordance with law; costs of this appeal to be paid by the plaintiff, American Budget Plan, Inc.; all other costs to await final determination.
Reversed and remanded.