LOTTINGER, Judge.
This matter is presently before us on an application for writs. The original plaintiff in said case is the relator herein.
This suit was instituted by executory proceedings on October 31, 1969, to foreclose on second mortgage notes on real estate located in Tangipahoa Parish, subject to an outstanding superior vendor’s lien and special mortgage. The property was advertised for sale after all the proper procedures of the executory process had been complied with. The defendant stopped this sale by obtaining a temporary restraining order on March 24, 1970. Later on May 8, 1970, the preliminary injunction was dismissed.
The sheriff then readvertised the property for sale under the original Writ of Seizure and Sale. On July IS, 1970, the defendant again stopped the sale by obtaining another temporary restraining order. After the order’s expiration the Judge who issued the temporary restraining order issued an order for the property to be sold under the original Writ of Seizure and Sale on September 21, 1970.
On the eve of the next scheduled judicial sale the defendant filed an application for supervisory writs of certiorari, prohibition, or mandamus in this Court. The sale was stopped and the application for writs made returnable on October 9, 1970. This Court rejected the defendant’s application for writs on October 15, 1970. The sheriff again readvertised the property to be sold on December 23, 1970.
In the meantime, on December 14, 1970, the defendant entered a preliminary default on its petition for injunction which it had filed on July 15, 1970 and on December 18, 1970 the defendant had the default confirmed.
Plaintiffs, upon discovering this default judgment, applied on December 21, 1970 for and was granted a new trial on January 29, 1971 on the petition of July 15, 1970 for a permanent injunction and same *552 was set for trial on May 12, 1971. On September 27, 1971, the Court rendered a formal judgment denying the petition for injunctive relief and declaring the default judgment of December 18, 1970, null and void.
The defendant asked for a suspensive appeal from the denial of the injunction which was granted on October 14, 1971 upon the defendant’s furnishing a $500 bond returnable November 22, 1971 and later extended to December 15, 1971. The plaintiffs then filed a motion in the Trial Court asking that the bond be increased to one and a half times the amount claimed in the executory proceedings and in the alternative that the Court declare that the order of appeal should not interfere with the judicial sale of the property under the Writ of Seizure and Sale.
On November 26, 1971, the Trial Judge ruled that the $500.00 bond was sufficient to support the suspensive appeal, and that the furnishing of the bond suspended the execution of the Writ of Seizure and Sale, despite the fact that the sale of the mortgaged property is to pay a total obligation in excess of $500,000.00.
The original plaintiff in said suit, now relator herein, applied to this Court on December 10, 1971 for Writs of Certiorari, Prohibition or Mandamus.
On December 20, 1971, this Court issued an alternative Writ of Mandamus, Certio-rari and Prohibition to the Lower Court, commanding the Honorable Gordon E. Causey, Judge of the Twenty-First Judicial District Court for the Parish of Tangipa-hoa, to
“modify and correct the Order of Suspensive Appeal as supplemented by your ruling on November 26, 1971, so that the Writ of Seizure and Sale may be forthwith executed and the judicial sale of the seized property may be held after due advertisement thereof. See Hibernia National Bank of New Orleans vs. Mary [La.App.], 167 So.2d 200, writs refused in [246 La. 876] 167 So.2d 826.
Or, in the alternative, said Judge and the respondent, International Development, Inc., shall show cause in this Court, by briefs, on or before the 17th day of January, 1972, why this writ should not be made peremptory; and
Should said Judge elect the alternative, IT IS ORDERED that a writ of certiorari issue herein, directing said Judge to transmit to the Court of Appeal, First Circuit, State of Louisiana, on or before the date aforesaid, the record, and a certified copy of the record, of the proceedings complained of by the relator herein, to the end that the validity of the proceedings may be ascertained ; and
IT IS FURTHER ORDERED, in the event the alternative is elected, that, in the meantime and until further orders of this Court, all proceedings against the relators in this cause in said Twenty-first Judicial District Court for the Parish of Tangipahoa shall be stayed and suspended.”
On January 17, 1972, respondent, International Development, Inc., filed its brief in this Court in answer to said writ.
On January 18, the Lower Court, thinking that the writ had been made peremptory signed an order in compliance to said writ.
On January 27, 1972, the Lower Court signed the following order:
“ORDER SETTING ASIDE AND RECALLING THE ORDER DATED JANUARY 18, 1972
Considering that the alternate Writs of Mandamus issued by the Court of Appeal, First Circuit, State of Louisiana, on December 20, 1971 have not been made peremptory, but the court, on January 18, 1972, being of the erroneous understanding that the writs had been made peremptory, and the court now being advised that the Court of Appeal has not made the writs peremptory and, *553 as a matter of fact, has not passed on the question at all, it is deemed appropriate that the order of this court of January 18, 1972 be recalled and set aside and, therefore:
IT IS ORDERED that the order dated January 18, 1972 modifying and correcting order of suspensive appeal dated October 14, 1971, as supplemented by ruling on November 26, 1971 be and is hereby recalled and set aside.”
Since this was an appeal from a judgment denying an injunction, we are of the opinion that the Lower Court intended granting a stay order to stay further proceedings instead of granting a suspensive appeal. Be that as it may however, we find that this case is on our docket to be heard, on the merits of the case, on February 29, 1972 and to avoid any irreparable injury to any of the parties, we are of the opinion that the equities of the situation require that a stay order be issued and same is hereby issued as of this instant, staying all further proceedings in this foreclosure case until the matter is finally disposed of. See C.C.P. 3612 (p. 552).
Stay order is hereby issued.