COVINGTON, Judge.
This is an appeal by New Communities, Inc. and J.E.F. Developers from a judgment of the District Court in favor of Tri-South Mortgage Investors (Tri-South) against Charlton P. Rozands, Sheriff and Ex-Officio Tax Collector for the Parish of Terrebonne, New Communities, Inc. and J.E.F. Developers ordering the Sheriff to proceed with the Sheriff’s Sale of immovable property which he had seized pursuant to an order of exec-utory process and writ of seizure and sale issued in said proceeding for executory process brought by Tri-South against New Communities, Inc., under Docket No. 46-922 of said District Court.
When Tri-South sought to proceed with its executory process, New Communities, Inc. and J.E.F. Developers filed a petition for preliminary injunction to prevent the Sheriff’s sale of New Communities, Inc.’s property. After a trial on the merits, the District Court rendered judgment denying injunctive relief to New Communities, Inc. and J.E.F. Developers, which appealed de-volutively and suspensively to this Court, 349 So.2d 1321 (Docket No. 11,440).
In due course, the matter was argupd before this Court; and, subsequently, the District Court’s judgment was reversed and the executory process was dismissed on July 11, 1977, on the basis of a procedural finding that Tri-South did not meet the definition of a “Real Estate Investment Trust,” as established by the appropriate Louisiana statutes.
*671 Subsequently, on July 20,1977, LSA-R.S. 12:492 was amended by adding a new subsection, designated as LSA-R.S. 12:492(F),[1] which authorized and defined real estate investment trusts, and provided that a real estate investment trust which loses its federal tax status as such may retain its rights and duties as a real estate trust. The act was declared, legislatively, to be retrospec-' tive as well as prospective.
Thereafter, the Supreme Court of Louisiana granted a writ of certiorari, and, on September 30, 1977, summarily, in chambers, decreed:
“Judgment of court of appeal reversed. Ruling of trial judge is correct. See La. R.S. 12:491, et seq. as amended by Act 526 of 1977. Case remanded to court of appeal for further proceedings.”
In the meantime, Tri-South had sought to get the sheriff to proceed with the judicial sale, but he declined to re-advertise and sell the property until Tri-South brought a mandamus proceeding to determine what action the sheriff should take, since New Communities, Inc. and J.E.F. Developers had appealed suspensively.
This mandamus suit was then brought, first against the sheriff only, then, joining in the appellants by supplemental petition. A hearing on the writ of mandamus was held, and by judgment on April 25, 1977, the writ was issued and the rule was made absolute, ordering the sheriff to proceed with the sale.
It is from this judgment that New Communities, Inc. and J.E.F. Developers have suspensively appealed now. The sheriff has not appealed; he has indicated in his brief that he is only awaiting final action of the courts to carry out the proper orders.
The appellants have filed an exception of no right of action, based on this Court’s original holding that Tri-South had no right to petition for executory process because it had not complied with the legal requirements to be recognized as a real *672 estate investment trust. The State Supreme Court having reversed our earlier holding, as set out above, we are unable to sustain the appellants’ exception and it is, accordingly, overruled.
The initial suspensive appeal was taken by the appellants from a judgment dissolving a temporary restraining order and dismissing their petition for injunction. The effect of the dissolution of the restraining order and denial of injunctive relief was to authorize the sheriff to proceed with the •sale pursuant to the writ of seizure and sale.
The appellants contend that when the District Court granted them a suspen-sive appeal from the judgment denying them injunctive relief, the appeal suspended the executory process order and, also, suspended the sheriff’s authority to go forward with the judicial sale.
This contention has been decided adversely to the appellants in the cases of Utah-Louisiana Investment Company v. Internationa] Development, Inc., 262 So.2d 553 (La. App. 1 Cir. 1972), writ denied 262 La. 601, 263 So.2d 905 (1972), and Hibernia National Bank of New Orleans v. Mary, 167 So.2d 200 (La.App. 4 Cir. 1964), writ denied, 246 La. 876, 167 So.2d 826 (1964).
These cases point out that a defendant under executory process may suspen-sively appeal the order directing the issuance of the writ of seizure and sale, and he may seek injunctive relief to arrest the seizure and sale. LSA-C.C.P. art. 2642. If the defendant chooses to appeal suspensively the order for executory process, all further executory proceedings are stayed pending the appeal. On the other hand, if the defendant chooses to seek injunctive relief only, a suspensive appeal from a judgment denying injunctive relief, even with a stay order, does not suspend the executory proceedings. Under LSA-C.C.P. art. 3612, only the injunctive proceedings can be stayed during the pendency of the suspensive appeal; if no injunction is granted, there is nothing in the executory proceeding to suspend.
As the Court, in Hibernia National Bank of New Orleans v. Mary, supra, at 203, remarked:
“To interpret the stay order, as evidently intended by the respondent judge, to apply to the proceeding of executory process would allow to be done indirectly that which there is no authority to do directly, namely, to operate as a suspensive appeal from executory process, after the right to such appeal has passed, and then for a nominal bond. Such interpretation would seriously impair and to a large extent nullify the operation of the laws relating to executory process. This obviously is not the intent of Article 3612. To allow the stay order to stop the executory process amounts to a nullification of the court’s judgment denying injunction. It grants the precise relief the court intended to deny. It is a contradiction on its face. If indeed such was the court's intent, it should have granted the injunction.”
For the reasons hereinabove assigned, the judgment of the district court is affirmed at the appellants’ costs.
AFFIRMED.

. “An Act to amend and reenact subsection B of Section 491 of Title 12 of the Louisiana Revised Statutes of 1950 and to amend Section 492 of said Title 12 by adding thereto a new Subsection, to be designated as R.S. 12:492(F), to define real estate investment trust and to provide that a real estate investment trust which loses its federal tax status as such may retain its rights and duties as a real estate investment trust under state law, to provide that this Act is to apply retroactively and retrospectively as well as prospectively, to allow a period of six months from its effective date for the judicial assertion of rights that might be affected thereby, and to provide otherwise with respect thereto.

“Be it enacted by the Legislature of Louisiana:

“Section 1. Subsection B of Section 491 of Title 12 of the Louisiana Revised Statutes of 1950 is hereby amended and reenacted and Subsection F of Section 492 of said Title 12 is hereby enacted to read as follows:
“491. Real estate investment trusts authorized and defined
* * * * * *
“B. A real estate investment trust is a trust created at law by an instrument under which property is held and managed by trustees for the benefit and profit of such persons as may be or may become the holders of transferable certificates evidencing beneficial interests in the trust estate, which has elected to qualify for taxation as a real estate investment trust under Part II, Subchapter M of the Internal Revenue Code of 1954, as amended.
“492. Qualification and restrictions
* * * * * *
“F. Any real estate investment trust which has once elected to be taxed under Part II, Subchapter M of the Internal Revenue Code of 1954, as amended, shall not thereafter lose the rights and duties granted under this Section, notwithstanding the fact that such trust no longer qualifies for taxation under Part II, Sub-chapter M of the Internal Revenue Code of 1954, as amended, provided that such trust continues to be managed by trustees for the benefit and profit of at least one hundred holders of transferable certificates evidencing beneficial interests in the trust estate.
“Section 2. The terms and provisions of this Act shall be applied retroactively and retrospectively as well as prospectively, but any person whose rights would be affected thereby shall have a period of six months from the effective date of this Act to assert such rights judicially.
“Section 3. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severa-ble.
“Section 4. All laws or parts of law in conflict herewith are hereby repealed.”