389 So.2d 87 (1980)
Hubert A. FABACHER et al.
v.
HAMMOND DAIRY COMPANY, INC., et al.
No. 11562.
Court of Appeal of Louisiana, Fourth Circuit.
September 19, 1980.
*88 Klein & Rouse, Henry L. Klein, New Orleans, for relators.
Gordon K. Konrad, Metairie, for respondents.
Before SAMUEL, GULOTTA and GARRISON, JJ.
SAMUEL, Judge.
Hubert A. Fabacher, Guerre I. Fabacher, Hubert Fabacher, Jr., the Hubert Fabacher, Jr. Trust, and the Guerre I. Fabacher Trust, seek to foreclose by executory process on a collateral mortgage on immovable property in St. Charles Parish, Louisiana. The mortgage had been given in pledge by Hammond Dairy Company, Inc. to secure a hand note by the other defendant, Vicon, Inc.[1] Both the collateral mortgage note and the hand note are dated January 3, 1977 and each is in the original amount of $350,000. The basis for plaintiffs' suit was Vicon's default by alleged untimely payment of an installment due on December 3, 1979 under the hand note.
Defendants were not notified of the order directing the issuance of the writ of seizure and sale until after the delay allowed by law for suspensive appeals from such orders.[2] On February 1, 1980 defendants filed a petition for an injunction to arrest the seizure and sale and a reconventional demand seeking $50,000 damages for wrongful seizure. In connection therewith, the trial court issued a temporary restraining order prohibiting the sheriff "from proceeding with the sale of the property . . ." and ordering a February 29, 1980 trial on *89 defendants' request for a preliminary injunction. On plaintiffs' motion the trial court continued the hearing on the preliminary injunction to March 10, 1980, and extended the temporary restraining order to that date. On March 7, 1980 plaintiffs filed a general denial to defendants' petition for injunctive relief.
The injunction proceeding was tried on March 10, 1980, and judgment was rendered on March 11, 1980, refusing to grant the preliminary injunction. On the same day the trial judge granted defendants a suspensive appeal and ordered all further proceedings stayed until the appeal had been decided.
On March 11, defendants learned the sheriff planned to proceed with the sale of the property pursuant to the writ of seizure and sale on the next day, March 12. On the morning of March 12, the trial judge denied as "Moot" defendants' request for an order to cancel the sale of the property on the ground that the sheriff acted illegally by advertising and appraising the property because he was forbidden from so acting by the temporary restraining order issued February 1, 1980. On the morning of March 12, plaintiffs filed a motion to dissolve the order of March 11, which granted defendants a suspensive appeal and stay order, and the trial judge set that matter for hearing on the same day. He then rendered judgment revoking the order of suspensive appeal and ordering the sheriff to proceed with the sale of the property on that day.
On the morning of March 12, defendants also filed an application to this court for supervisory writs, and this court ordered the proposed sheriff's sale cancelled and further proceedings stayed. The record was lodged in this court for defendants' devolutive appeal shortly thereafter, and we ordered simultaneous argument of the writ and the appeal.
By motion to dismiss, plaintiffs challenge the jurisdiction of this court. They point out this court's supervisory jurisdiction is limited to matters over which it has appellate jurisdiction, and argue this court has no appellate jurisdiction to hear an appeal from a judgment refusing a preliminary injunction. They further argue there is no right to appeal a judgment denying a preliminary injunction to arrest executory process of a writ of seizure and sale unless a suspensive appeal is taken in limine under C.C.P. Art. 2642.
Article 5, Section 10, of the Constitution of 1974 provides in part that a court of appeal has appellate jurisdiction of all "civil matters decided within its circuit..." and "... supervisory jurisdiction over cases in which an appeal would lie to it." Moreover, Civil Procedure Article 3612 provides in pertinent part as follows:
"An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided."
This article allows an appeal of right from a judgment "relating to" a preliminary injunction, and it does not restrict appeals only to judgments which grant injunctive relief. It has been held that a judgment denying a preliminary injunction is one "relating to" it within the meaning of Article 3612 so as to allow an appeal of right from such a denial.[3]
The gist of plaintiffs' argument is that this court has no jurisdiction to hear appeals from denials of preliminary injunctions attempting to stay execution of a writ of seizure and sale, and it has no constitutional *90 authority under Article 5, Section 10, to exercise supervisory jurisdiction over such cases. In support of this argument, plaintiffs cite two lines of cases. The first line stands for the authority that a suspensive appeal under Article 3612, even if accompanied by a stay order, only suspends or stays the injunction proceeding during the pendency of the appeal but has no effect whatever on the executory process proceeding.[4] The rationale of these cases is that the stay of the executory proceeding under Article 3612 would allow a suspensive appeal after the time therefor has passed, and would defeat the purposes of executory process. The other line of cases originate from a time when a suspensive appeal from a preliminary injunction was forbidden by law, the courts felt compelled not to exercise supervisory jurisdiction over cases involving such appeals, and it was either stipulated or apparent from the record that a devolutive appeal would be mooted by the sale of the property.[5]
As stated above, Article 3612 of the Code of Civil Procedure provides for, and gives this court jurisdiction over, appeals taken of right from orders or judgments "relating to" preliminary or final injunctions, and the jurisprudence has determined that a judgment denying a preliminary injunction is appealable of right under that article.[6] We conclude, therefore, that injunction proceedings are appealable to this court if decided within our geographical jurisdiction, and consequently we have supervisory jurisdiction over such cases.
The common element of the two lines of cases cited by plaintiffs is the assumption that by the time an appeal is decided by this court, the writ of seizure and sale will have been executed and the matter thereby rendered moot. Such a situation is not now before us, primarily because it appears from the face of the record the sheriff proceeded to advertise and appraise the property in violation of the trial court's temporary restraining order. This showing alone would justify the exercise of this court's supervisory jurisdiction. Moreover, plaintiffs do not refer to Utah-Louisiana Invest. Co. v. International Dev., Inc.,[7] a companion to a case with an identical name cited by them in support of their argument that this court lacks jurisdiction.[8] In the first Utah-Louisiana case, the court issued a stay order under its supervisory jurisdiction to prevent the sale of property because the appeal on its merits was close to argument, and because the equities of the situation called for a stay order to prevent irreparable injury. The court granted this stay order under its supervisory jurisdiction in the face of an argument based on Hibernia National Bank of New Orleans v. Mary,[9] also urged in the present case by plaintiffs.[10] We thus hold plaintiffs' argument disputing this court's supervisory jurisdiction is without merit under the facts of this case.
Plaintiffs also argue that unless a suspensive appeal is taken in limine under Article 2642 this court has no jurisdiction over any appeal from a denial of a preliminary injunction to arrest seizure and sale. This argument also is without merit.
Code of Civil Procedure Article 2642 provides a defendant in executory process may appeal suspensively, may seek injunctive relief, or may pursue both procedural avenues. Article 2752, contained in Chapter 5, "Injunction to Arrest Seizure and Sale", *91 expressly incorporates into injunctions in defense of executory process the general rules for appeals in injunction proceedings contained in Article 3612.
As stated above, Article 3612 allows appeals from denials of preliminary injunctions, and by incorporating Article 3612 into the special provisions for arresting writs of seizure and sale, the drafters of the Code of Civil Procedure intended to provide for appeals from such denials whether or not the defendants suspensively appealed in limine under Article 2642. Hence, this court has express jurisdiction to hear at least devolutive appeals in such matters, and it likewise has the constitutional authority to exercise its supervisory jurisdiction over them.
This conclusion is not res nova. As early as 1931, in American National Bank v. Bauman,[11] the Supreme Court held that former R.S. 13:4062 through R.S. 13:4071, regulating interlocutory injunctive orders, were applicable to injunctive proceedings to arrest seizure and sale in executory process.[12] On the merits, we hold the trial court committed error by ordering issuance of the writ of seizure and sale.
First, plaintiffs did not offer sufficient authentic evidence to establish their right to use executory process. Such process will not lie in the absence of authentic evidence supporting every link in the chain of evidence necessary to prove a plaintiff's right to use executory process, no matter can be entertained by the court in pais, and the requirement of authentic evidence is relaxed only to the extent specifically provided by law. Authentic evidence is the very foundation of the action.[13] Such evidence is required for executory process not only to establish (1) the mortgage or privilege on the property sought to be seized and sold, and (2) the amount of the indebtedness sought to be enforced, but also (3) the right of the creditor to enforce the mortgage or privilege by executory process.[14]
While for the purpose of executory process the collateral mortgage note is the "instrument evidencing the obligation secured by the mortgage,"[15] the collateral mortgage note is the security that is pledged to secure another note, usually a hand note, and such hand note is the true debt.[16]
Specifically, Code of Civil Procedure Article 2635 provides as follows:
"The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
(1) The note, bond, or other instrument evidencing the obligation secured by the mortgage or privilege;
(2) The authentic act of mortgage or privilege importing a confession of judgment; and
(3) Any judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiff's right to use executory process.

This requirement of authentic evidence is relaxed only in those cases, and to the extent, provided by law." (Emphasis added).
The jurisprudence has established proof of the existence of a debt is a necessary link in the chain of evidence.[17] A corollary to this concept is that the existence of a matured and demandable debt is also a link in the chain of necessary evidence to justify executory process.
The hand note given in connection with the collateral mortgage and collateral *92 mortgage note in the present case contains the following provision:
"In the event the maker fails to pay any installment when due, the holder hereof at its option may upon ten days written notice to the maker, hereby declare all installments immediately due and payable."
This paragraph in the hand note is not an ordinary grace period which expires by the mere passage of time. It requires affirmative action by the holder of the note after failure to timely pay, and the right to accelerate unpaid installments does not arise until this action is taken.
The record contains no authentic evidence that plaintiffs complied with this condition prior to filing suit. Article 2635, above, clearly provides the requirement of authentic evidence is relaxed only as provided by law.[18] Article 2637, Code of Civil Procedure, provides those instances in which evidence need not be authentic. It allows proof "... of the breach or occurrence of a condition of the act of mortgage or privilege maturing the obligation . . .." by verified petition or affidavit. The condition in the hand note allowing acceleration only after ten days written notice to the maker is not "the breach or occurrence of a condition of the act of mortgage or privilege. . . ." On the contrary, it is a condition of the note which must be met by the holder as a prerequisite to maturing the installment debt and which the holder must prove by appropriate evidence to establish his right to seek executory process. Since there is no relaxation of the requirement for authentic evidence to establish ten days written notice of maturing, a note[19] authentic evidence of compliance with this condition was mandatory. Plaintiffs' mere allegation in their verified petition that "plaintiffs exercised their option to mature and make payable the entire remaining principal balance ..." was insufficient without authentic evidence of the notice required by the quoted portion of the hand note.
The hand note's provision, calling for proof of action by the holder, is analogous to the situation in which a note payable to a named mortgagee is transferred to a third person who in turn institutes executory process to enforce a mortgage securing the note. In such a situation, the transfer and endorsement of the mortgage note to the plaintiff must be evidenced by an authentic act, and the act or a certified copy thereof, must be annexed to the petition to prove plaintiffs' right to bring executory process.[20]
A second reason why executory process was inappropriate in the present case is plaintiffs' failure to present to the court a properly certified copy of the corporate resolution authorizing the execution of the collateral mortgage.
Code of Civil Procedure Article 2636 establishes evidence which is deemed authentic for the purpose of executory process. Paragraph (4) of that article reads:
"A copy of a resolution of the board of directors, or other governing board of a corporation, authorizing the execution of a mortgage on its property, certified in accordance with the provisions of R.S. 13:4103."
Revised Statute 13:4103 in turn provides in part as follows:
"This copy of the resolution shall be certified by either the notary before whom the act was passed, or by the custodian of notarial archives for the parish of Orleans, if the mortgage has been recorded in Orleans Parish, or by the clerk of the district court of any other parish in which the mortgage has been recorded."
The copy of the corporate resolution attached to the collateral mortgage was not itself certified in any manner. The trial judge decided it was properly certified because the notary certified as "a true *93 copy" the mortgage to which the resolution was attached. We disagree with that conclusion. As we have said, authentic evidence is required to support every link in the chain of evidence necessary for executory process.[21] The corporate resolution by necessity preceded the mortgage and was a separate and distinct link in the chain of evidence. Article 2636 and R.S. 13:4103 are mandatory in their terminology and clearly require the resolution to be certified separately. It cannot attain status of authentic evidence by attachment to another document deemed authentic.[22]
We consequently conclude that the trial judge committed error by ordering the mortgaged property seized by executory process. He further committed error by failing to grant defendants' prayer for a preliminary injunction.
For the foregoing reasons, the judgment herein is reversed, and it is now ordered that there be judgment in favor of the original defendants and plaintiffs in injunction, Hammond Dairy Company, Inc., and Vicon, Inc., and against the original plaintiffs and defendants in injunction, Hubert A. Fabacher, Guerre I. Fabacher, Hubert Fabacher, Jr., the Hubert Fabacher, Jr. Trust, and the Guerre I. Fabacher Trust, issuing a preliminary injunction restraining and enjoining said original plaintiffs and defendants in injunction and the sheriff of the Parish of St. Charles from proceeding with the sale of the property sought to be foreclosed by this executory process. The matter is remanded to the district court for further proceedings in accordance with law and with the views expressed herein. The original plaintiffs and defendants in injunction are to pay all costs in this court. All other costs are to await a final determination.
REVERSED AND REMANDED.
NOTES
[1] At the time of the execution of the document, Hammond Dairy Company, Inc. was a wholly owned subsidiary of Vicon, Inc. The record indicates the two corporations subsequently merged, with Vicon the survivor.
[2] See LSA-C.C.P. Art. 2642.
[3] See State Ex Rel. Guste v. City of New Orleans, La., 363 So.2d 678; Ritchey v. Desser, La.App., 199 So.2d 427.
[4] Tri South Mortg. Investors v. Rozands, La. App., 354 So.2d 669; Utah-Louisiana Invest. Co. v. International Dev., Inc., La.App., 262 So.2d 553; Hibernia National Bank of New Orleans v. Mary, La.App., 167 So.2d 200.
[5] Riccabona v. Kearny, 164 La. 844, 114 So. 707; State v. Morgan, La.App., 130 So.2d 868. Plaintiffs also cite Clark v. Town of Mandeville, La.App., 100 So.2d 317, based on statutory prohibition of dispensable appeals from denial of liquor licenses.
[6] See text accompanying note 3, supra.
[7] La.App., 262 So.2d 551.
[8] See note 6, supra.
[9] La.App., 167 So.2d 200.
[10] See note 4, supra.
[11] 173 La. 336, 137 So. 54.
[12] See Comment (a) to Article 2752, Code of Civil Procedure.
[13] Reed v. Meaux, La., 292 So.2d 557; American Budget Plan, Inc. v. Small, La.App., 229 So.2d 190.
[14] See Reed v. Meaux, supra, note 13.
[15] Cameron Brown South, Inc. v. East Glen Oaks, Inc., La.App., 341 So.2d 450.
[16] Baton Rouge Bank & Trust Company v. Subco, Inc., La.App., 306 So.2d 312.
[17] American Budget Plan, Inc. v. Small, supra, note 13.
[18] See also American Budget Plan, Inc. v. Small, supra, note 13.
[19] See LSA-C.C.P. Art. 2637.
[20] See, for example, Miller, Lyon & Co. v. Cappel, 36 La.Ann. 264. See also Comments to Article 2636, Code of Civil Procedure.
[21] See American Budget Plan, Inc. v. Small, supra, note 13.
[22] We do not decide the issue raised by the defendants challenging the authentic nature of the copy of the collateral mortgage attached to the petition. It was certified as "a true copy" by the notary who passed it. C.C. Art. 2268 provides notaries may certify copies of original acts passed before them when they are the "... depositaries of such originals." This article appears to be a carryover from the time when Orleans Parish notaries were obliged by law to be depositories of their acts. It is possible plaintiff is correct in asserting only the clerk of court in St. Charles Parish was the proper officer to certify the mortgage. However, plaintiffs argue a notary is the "depository" of the original mortgage so long as it is in his physical possession, and he may make certified copies of it until the original document is recorded with the clerk or so long as he possesses a multiple original. No evidence of this nature was offered at the trial of the preliminary injunction, and the documentary evidence in the record is insufficient for a definitive decision.