Relatrix, Carolyn DeAgano, seeks supervisory writs urging she is without right to a suspensive appeal and will suffer immediate and irreparable loss by devolutive appeal.
Respondent, Acme Mortgage Co., Inc. (ACME) attempted to foreclose via executi-va on realty belonging to relatrix. Relatrix sought a preliminary injunction and obtained a temporary restraining order in July, 1981 which was renewed.
After a Commissioner’s hearing, the District Judge denied Ms. DeAgano's motion for a preliminary injunction. Relatrix sought writs and was granted an order by the trial court staying all proceedings.
Ms. DeAgano, under executory process, may either seek injunctive relief to arrest the seizure and sale or suspensively appeal the order directing the issuance of the writ of seizure and sale. LSA-C.C.P. Art. 2642.
Relatrix did not ask to suspend the seizure order, but chose only to seek injunc-tive relief. Had she sought the former, further executory proceedings would have been stayed pending appeal. However, she selected the latter, and under LSA-C.C.P. Art. 3612, only the injunctive proceedings can be stayed during the pendency of the appeal. Since no injunction was granted there is nothing in the executory proceeding to suspend. Tri-South Mortgage Investors v. Rozands, 354 So.2d 669 (La.App. 1st Cir.1977). Hibernia National Bank of New Orleans v. Mary, 167 So.2d 200 (La.App. 4th Cir.) writ denied 246 La. 876, 167 So.2d 826 (1964).
As we stated in Hibernia National Bank, supra, at 203:
To interpret the stay order, as evidently intended by the respondent judge, to apply to the proceeding of exec-utory process would allow to be done indirectly that which there is no authority to do directly, namely, to operate as a suspensive appeal from executory process, after the right to such appeal has passed, and then for a nominal bond. Such interpretation would seriously impair and to a large extend nullify the operation of the laws relating to executo-ry process. This obviously is not the intent of Article 3612. To allow the stay order to stop the executory process amounts to a nullification of the court’s judgment denying injunction. It grants the precise relief the court intended to deny. It is a contradiction on its face. If indeed such was the court’s intent, it should have granted the injunction.
Supervisory writs are inappropriate and relatrix’s remedy is to appeal from the denial of the preliminary injunction.
ACCORDINGLY, the writ is denied. Re-latrix has 15 days from the date of this opinion to file an appeal. (See C.C.P. 3612).
GARRISON, J., dissents with reasons.