905 So.2d 373 (2005)
SESSIONS, FISHMAN & NATHAN, L.L.P.
v.
Camilo K. SALAS
Sessions, Fishman & Nathan, L.L.P. Llc
v.
Camilo K. Salas III.
Nos. 2004-CA-1790, 2004-C-1467.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 2005.
*375 Andrew A. Braun, Gieger, Laborde & Laperouse, and Jack M. Alltmont, Sessions, Fishman & Nathan, L.L.P., New Orleans, LA, for Plaintiff/Appellee/Respondent.
Camilo K. Salas, III, Niles, Salas, Bourque & Fontana, L.C., New Orleans, LA, In Proper Person, Defendant/Appellant.
Stewart E. Niles, Jr., Karen M. Fontana, Niles, Salas, Bourque & Fontana, L.C., New Orleans, LA, for Defendant/Relator.
(Court composed of Judge CHARLES R. JONES, Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD).
TERRI F. LOVE, Judge.
This appeal arises from the trial court's denial of defendant's preliminary injunction and granting of plaintiff's exceptions of no cause/right of action, prematurity and motion to stay proceedings pending arbitration.

FACTUAL BACKGROUND
Defendant-appellant, Camilo K. Salas III ("Salas"), became a partner at the law firm of plaintiff-appellee, Sessions, Fishman & Nathan, L.L.P. ("Sessions, Fishman"), and signed a Partnership Agreement, which contained an arbitration clause. After several years as a partner, Salas informed Sessions, Fishman of his intention to withdraw from the partnership and disputes arose between Sessions, Fishman and Salas. Sessions, Fishman asserts that the disputes in this matter include but are not limited to: payment due by Salas to Sessions, Fishman for his overdrawn partnership account; submission by Salas of his time records due by him to Sessions, Fishman; accountings and payments due by Salas to Sessions, Fishman with regard to files taken by Salas when he left Sessions, Fishman; submission by Salas to Sessions, Fishman of attorney/client contract which Salas has failed and refused to produce; determination and payment by Salas to Sessions, Fishman of fees and costs due to Sessions, Fishman on the Lott case, said funds being held in escrow by Salas in accordance with court order; accounting by Salas and payment to Sessions, Fishman of costs and fees due to Sessions, Fishman in the case of Rathborn v. RTA and in other matters involving Ms. Rathborn; determination of Salas partnership termination date; determination of the allocation of fees and costs recovered in the Williams v. General Motors and City of New Orleans case which funds either have recently been received or will be received in the future.
Pursuant to the executed Partnership Agreement, Sessions, Fishman delivered to Salas a demand for arbitration. In response, Salas delivered to Sessions, Fishman a correspondence stating his refusal to arbitrate; however, naming an arbitrator. Sessions, Fishman asserts that the person named as arbitrator by Salas, is not qualified to serve as arbitrator pursuant to Article 27 of the Partnership Agreement. On April 14, 2004, Sessions, Fishman filed a Petition to Compel Arbitration seeking a mandatory injunction requiring that Salas participate in arbitration and a declaratory judgment that the person named by Salas as an arbitrator is not qualified. On April 28, 2004, Salas filed an ex-parte motion for extension of time, which the trial court granted, extending Salas' date with which to file further pleadings from May 4, 2004 to June 3, 2004.
On June 1, 2004, prior to Salas' filing of exceptions, answer, and request for trial by jury, Sessions, Fishman filed a motion and order of dismissal without prejudice, which was granted by the trial court. The following day, June 2, 2004, Sessions, Fishman forwarded a correspondence to the *376 American Arbitration Association ("AAA") requesting initiation of arbitration under an arbitration agreement between Sessions, Fishman and Salas. In the correspondence Sessions, Fishman also informed AAA that a suit to compel Salas to arbitrate was filed in the Civil District Court for the Parish of Orleans.
Two days later, on June 3, 2004, Salas filed a demand for a trial by jury, which was granted by the trial court. Salas also filed an exception of no cause of action and/or alternative motion for judgment on the pleadings, and a motion to set aside the order of dismissal without prejudice, asserting that Sessions, Fishman made misrepresentations to the court in obtaining the dismissal without prejudice. The trial court ordered Sessions, Fishman to show cause on July 16, 2004, why Salas' motion to set aside the order of dismissal without prejudice should not be granted; why the exceptions and motions filed by Salas should not be granted; and why the action to compel arbitration brought by Sessions, Fishman should not be dismissed with full prejudice.
Although Sessions, Fishman obtained a voluntary dismissal of the Motion to Compel on June 1, 2004, on June 10, 2004, Salas filed an answer to Sessions, Fishman's Motion to Compel Arbitration and Reconventional Demand. On June 18, 2004, Salas petitioned the court for a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction. The trial court denied Salas' request for a temporary restraining order and ordered Sessions, Fishman and the American Arbitration Association ("AAA") to show cause on June 29, 2004, why a temporary and/or permanent injunction should not be issued preventing Sessions, Fishman and the AAA from conducting any arbitration against Salas during the pendency of this suit.
On June 23, 2004, Sessions, Fishman filed exceptions of no cause/right of action, prematurity, and alleged improper procedure all relative to Salas' reconventional demand. Sessions, Fishman also requested a stay of these proceedings pending arbitration in accordance with the executed Partnership Agreement. The trial court ordered that Salas appear and show cause on July 16, 2004 why Sessions, Fishman's Exceptions and Motion to Stay Pending Arbitration should not be granted.
At the June 29, 2004 show cause hearing, the trial court denied Salas' motion for preliminary injunction staying arbitration. However, the trial court also addressed the exceptions filed by Sessions, Fishman in response to Salas' Reconventional Demand, which was previously scheduled for a show cause hearing on July 16, 2004. On July 15, 2004, the trial court issued a judgment granting Sessions, Fishman's motion to stay these proceedings pending arbitration; granting Sessions, Fishman's exceptions relating to arbitration; and ordering the parties to participate in arbitration in accordance with the arbitration agreement contained in the Sessions, Fishman Partnership Agreement. Further, the trial court cancelled the July 16, 2004 hearing previously set in this matter.
It is from this judgment that Salas filed a Petition for Suspensive Appeal, appealing the trial court's judgment relative to his request for a preliminary injunction. Salas also filed, with this Court, an application for supervisory writ seeking review of the trail court's July 15, 2004 judgment ordering a stay and compelling arbitration.[1]

*377 ASSIGNMENT OF ERRORS

In his assignment of error Salas asserts the trial court committed error in the following:
1. in denying Salas' motion for preliminary injunction and assessing Salas with the burden of proving that the arbitration should not go forward;
2. granting Sessions, Fishman's exceptions and motion to stay pending arbitration without Salas' being afforded the opportunity to file response thereto, when the trial court's prior order scheduled the hearing on the exceptions and motion to stay for July 16, 2004;
3. in ordering Salas to participate in arbitration, when Sessions, Fishman voluntarily dismissed their motion to compel arbitration;
4. in failing to decide whether the dismissal of Sessions, Fishman's suit was proper and whether it had jurisdiction to take further action;
5. in effectively denying Salas' a trial on the merits on Sessions, Fishman's petition to compel arbitration as a result of its June 29, 2004 judgment;
6. in effectively denying Salas' right to have a jury trial in light of the demands made by Sessions, Fishman;
The judgment before this Court is a ruling denying Salas' motion for preliminary injunction, granting Sessions, Fishman's exceptions of no cause/right of action, prematurity of Salas' reconventional demand, improper procedure, and motion to stay further proceedings. Also before this Court is the trial court's judgment ordering the parties to participate in arbitration in accordance with the arbitration agreement contained in the Sessions, Fishman Partnership Agreement.

PRELIMINARY INJUNCTION
Salas asserts that the trial court erred in denying his request for a preliminary injunction seeking to enjoin Sessions, Fishman and the AAA from conducting arbitration, until a full trial on the merits of this suit was tried before a jury. In reviewing whether the trial court erred in granting or denying a preliminary injunction, the appellate court must be mindful that a trial court has great discretion to grant or deny the relief requested. Although judgments compelling arbitration are interlocutory in nature and not subject to an immediate appeal, supervisory relief may be appropriate under the facts and circumstances of a particular case. However, such relief should be applied sparingly. Collins v. Prudential Insurance Company, 99-1423, pp. 6, 9 (La.1/19/00), 752 So.2d 825, 829, 831. Because a preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties pending trial on the merits, we will disturb the finding of the trial court only upon a showing of abuse of its great discretion. LHO New Orleans LM, L.P., v. MHI Leasco New Orleans, Inc., 02-0663, p. 3 (La.App. 4 Cir. 11/20/02), 833 So.2d 1010, 1012 citing A to Z Paper Co., Inc. v. Carlo Ditta, Inc., 98-1417, pp. 8-9 (La.App. 4 Cir. 9/9/98), 720 So.2d 703, 708. Although a preliminary injunction is a procedural device, interlocutory in nature, La. C.C.P. art. 3612 does not restrict the right of appeal to only judgments that grant injunctive relief. *378 Accordingly, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. Fabacher v. Hammond Dairy Co., Inc., 389 So.2d 87, 89 (La.App. 4th Cir.1980).
In HCNO Services, Inc. v. Secure Computing Systems, Inc., 96-1693, p. 10 (La.App. 4 Cir. 4/23/97), 693 So.2d 835, 841, this Court held
An injunction shall issue in cases where irreparable injury or loss or damages may occur to the applicant. During the pendency of an action for injunction, the Court may issue a temporary restraining order, preliminary injunction or both. La. C.C. Pro. Art. 3601.
"In order to prevail in the trial court on his motion for preliminary injunction, it was incumbent upon Salas to establish, by prima facie evidence: (1) that the injury, loss or damage he will suffer if the injunction is not issued may be irreparable; (2) that he is entitled to the relief sought; and (3) that he will be likely to prevail on the merits of the case." A to Z Paper citing Hall v. Fertility Institute of New Orleans, 94-1135, p. 4 (La.App. 4 Cir. 12/15/94), 647 So.2d 1348, 1351. Based on the record before us, the trial court found that Salas did not establish, by prima facie evidence, that he will suffer injury, loss, or damage if Sessions, Fishman is not enjoined from continuing with, and the AAA from conducting, any arbitration against him during the pendency of this suit. Furthermore, in light of the pleadings and/or supporting affidavits, we do not find that Salas is entitled to the relief sought. Accordingly, after careful review of the record, we do not find that the trial court abused its discretion in denying Salas' motion for preliminary injunction and we, therefore, affirm the judgment of the trial court denying Salas' request for a preliminary injunction.

EXCEPTION OF NO CAUSE/RIGHT OF ACTION EXCEPTION OF PREMATURITY MOTION TO STAY PENDING ARBITRATION
Salas further avers that the trial court erred in granting Sessions, Fishman's exceptions and motion to stay pending arbitration, and in ordering the parties to participate in arbitration. Before this Court is the judgment that was rendered by the trial court on June 29, 2004. After extensive review of the record, we find that the only matter properly before the trial court on June 29, 2004, was the show cause order issued directing Sessions, Fishman's to show cause why Salas' request for a preliminary injunction and permanent injunction preventing arbitration should not issue. The application for the preliminary injunction was heard upon the verified pleading and/or supporting affidavits and affidavits in opposition thereof.
We find, based on the record before us, that the trial court set the matter relating to Sessions, Fishman's Exceptions in response to Salas' reconventional demand, for July 16, 2004, but rendered judgment on June 29, 2004. In addressing Salas' writ application, we further find that the trial court erred in ordering the parties to participate in arbitration and in canceling the hearing previously set in this matter.[2] Accordingly, we grant in part Salas' writ application insofar as we reverse the trial court's judgment granting Sessions, Fishman's exceptions, motion to stay, and order compelling the parties to participate in arbitration. The trial court is ordered to *379 reset, for further proceedings, all matters originally set for July 16, 2004. Accordingly the stay ordered by this Court on September 28, 2004 is hereby lifted.
AFFIRMED IN PART; REVERSED IN PART; WRIT GRANTED; STAY LIFTED.
NOTES
[1] Salas filed a supervisory writ, 2004-C-1467, Sessions, Fishman & Nathan, L.L.P. LLC v. Salas, asserting identical specifications of errors which are asserted in his appeal, and have been incorporated in this opinion. By order of this Court, dated September 28, 2004, Salas' writ application has been consolidated with the suspensive appeal, which is filed in the same case. This Court further ordered that the arbitration proceeding in this matter be stayed pending further orders of this Court.
[2] The record is absent any evidence that a Motion to Compel Arbitration was properly before the trial court, as Sessions, Fishman obtained an involuntary dismissal of their Motion to Compel and the trial court did not rule on Salas Motion to Set Aside the Order of Dismissal prior to the June 29, 2004 hearing.