SAMUEL, Judge.
This is an appeal from a judgment denying a writ of injunction. Plaintiffs are twelve property owners in Woodlake Estates Subdivision in the City of Kenner. The two defendants, husband and wife, are owners of a lot (20 of Sq. B) located at the front entrance of the subdivision whose building plans did not conform to recorded subdivision restrictions.
These are established facts: The subdivision consists of 438 residential lots, of which 232 remained to be sold at the time of trial. One hundred nineteen lots are irregular in shape. The restrictions, which affect all of the lots, were executed by the developer on May 22, 1973 and provide in pertinent part that no structure shall be placed closer than 25 feet to the front property line, must have side yards of 10 feet each and a back yard of 30 feet. The restrictions further provide that no exceptions to the minimum yard requirement could be granted without approval of the developer and then only granted on lots irregular in shape.
Plaintiffs purchased their irregular shaped lot in 1977 but they did not make an effort to build until 1980. They were aware of the restrictions but felt they could seek and obtain a variance. They were familiar with the fact that many variances had been granted on irregular shaped lots. Unfortunately, by the time defendants *1255 were ready to build, the developer was defunct.
Prior to ceasing to operate, the developer had provided that variances could be obtained by authority of the governing authority of the City of Kenner or its successors. The City of Kenner, understandably unwilling to accept this unilateral duty, adopted a resolution providing it would not address itself to the issue of variances pertaining to restrictive covenants.
This left defendants with an irregular shaped lot, plans for an expensive home which would not completely comply with the restrictive covenants, and nowhere to go to seek a variance.
Although it has no authority over variances, the subdivision has an active civic association with its own deed restrictions committee. In an effort to satisfy other property owners, defendants discussed the matter with, and submitted their plans to, the president of the association. Following discussion of the plans at a meeting, the civic association made suggestions to defendants as to how the plans could be made acceptable. Defendants did make some changes, but disapproved of other suggestions. Then they secured a building permit from the City of Kenner and poured the slab.
If built as contemplated by defendants, the residence would violate the subdivision restrictions in that it would be only 20 feet from the front property line (as opposed to the 25 feet required by the restrictions), and in one area, only 5 feet from the side yard set back (as opposed to the 10 feet required by the restrictions).
At this point plaintiffs filed this suit for injunctive relief. The petition prays that the defendants, and all those acting for them, be enjoined and prohibited “. .. from building or erecting upon Lot 20 of Square B of Woodlake Estates Subdivision any dwelling place or other structure in such fashion as to violate the building restrictions . . . . ” of the subdivision. The petition also prays for judgment against the defendants decreeing that “. . . the above described acts [the quotation contained in the preceding sentence] to be injurious to and an impairment of the property rights of, the plaintiffs . . . . ” The trial court refused to grant the injunction, and plaintiffs then filed this devolutive appeal.
Although the judgment appealed from simply denies “. . . plaintiffs’ prayer for a permanent injunction enjoining the defendants from building or erecting upon Lot 20, Square B of Woodlake Subdivision . . . . ” the trial judge’s reasons for judgment might be interpreted as implying there were sufficient violations of the restrictions to constitute an abandonment thereof, we do not find such to be the ease. Our review of the record satisfies us that, although there were some proven violations and numerous granted variances of the restrictions, the number of violations so proved are insufficient to constitute abandonment of the restrictions. Accordingly, we hold the restrictions are still in full force and effect.
Beyond this, we do not reach the merits. In oral argument before this court, the litigants have conceded that while this appeal was pending defendants have completed construction of the house in accordance with their plans and in violation of the recorded subdivision restrictions as to front and side yards to the extent above mentioned.
Our jurisprudence has firmly established that when an appeal is taken from an order denying injunctive relief, and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot.[1] The rationale for this rule was stat *1256 ed by the Supreme Court in Pettingill v. Hills, Inc.,[2] as follows:
“It is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow.”
Here, plaintiffs did not seek damages of any kind. Insofar as injunctive relief is concerned, the petition seeks only to enjoin defendants from building or erecting a dwelling or other structure on their lot in violation of the building restrictions. Since the building is now constructed, there is nothing for this court to enjoin; in this appeal it is impossible for us to undo what already has been done; and only abstract propositions, from which no practical result can follow, are left for our decision. It is against the long established judicial policy of this state to render such advisory opinions. Accordingly, on our own motion, we dismiss plaintiffs’ appeal as moot.
For the reasons assigned, the judgment appealed from is amended only to the extent of making it clear that the restrictions in suit remain in full force and effect. In all other respects, this appeal is dismissed without prejudice. Appellants are to pay all costs.
AMENDED AND APPEAL DISMISSED.

. Mirabeau Food Store v. Amalgamated Meat Cutters, 230 La. 921, 89 So.2d 392; Freret Civic Ass’n. v. Orleans Parish School Board, 223 La. 407, 65 So.2d 893; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; Sierra Club v. Louisiana Dept. of Wildlife, La.App., 365 So.2d 880; Cox v. Watts, La.App., 329 So.2d 917; Brown v. Town of Lake Providence, La.App., 200 So.2d 764; Blanchard v. City of Shreveport, La.App., 90 So.2d 556; Theus v. City of Minden, La.App., 127 So. 24. For many other cases to the same effect, see 2B La.Dig., Key No. 781.

. Note 1, at p. 662 of So.2d.