KLIEBERT, Judge.
This is an appeal by Leo Eliser and Diane Messina from a judgment dismissing their petition to enjoin the sale of real estate in a via executiva foreclosure brought by Associates Financial Services of America, the mortgage holder. We dismiss the appeal.
On May 1, 1984 Associates filed a petition for executory process alleging themselves to be the holder of a note secured by mortgage on real estate containing a confession of judgment and on which the monthly installment payments were in arrears. The executory process was granted and a writ issued ordering the sheriff to seize and sell the property at public auction. Pursuant to this order, the sheriff seized the property, served notice of the seizure and commenced a judicial advertisement for the sale.
On May 8, 1984, Leo Eliser, the original defendant in the foreclosure, and Diane Messina, in proper person, filed a joint petition alleging the following: (1) Diane Messina purchased the property from Eliser subject to a mortgage in favor of Associates, (2) Associates was not entitled to proceed via executiva because the debt secured by the mortgage foreclosed on had been extinguished by the terms of a credit life policy on the life of Mrs. Eliser, (3) there was a willful intent to deceive and defraud Eliser in violation of the Louisiana Consumer Credit Law, R.S. 9:3548. The petition prayed for a temporary restraining order enjoining the sheriff from proceeding with the sale of the property and for the issuance of a preliminary injunction. The temporary restraining order was granted and the hearing for the preliminary injunction fixed.
The hearing for the preliminary injunction was heard on August 2, 1984. Following the hearing the trial court rendered judgment dissolving the temporary restraining order and dismissing the petition for a preliminary injunction. A timely motion for suspensive appeal was filed. The trial court granted the suspensive appeal upon the filing of a bond for $10,000. The bond was timely filed and the appeal perfected.
On October 11, 1984 (before the record was lodged in this court) the appellants filed a motion requesting this court to enforce the suspensive appeal by invalidating the sheriffs sale which took place on October 11, 1984 and to hold Associates in contempt of court. This court denied the motion on the grounds the suspensive appeal from the denial of the injunction did not stay further proceedings on the foreclosure, i.e., the sale of the property in question.
On appeal Associates argues that the appeal is now moot and should be dismissed. We agree.
Under the provisions of Code of Civil Procedure Article 2642, the appellants had the choice of filing a suspensive appeal from the order directing the issuance of the writ of seizure and sale and/or seeking an injunction to arrest the sale. They chose only to seek an injunction to arrest the sale. Under Code of Civil Procedure Arti- *35 ele 3612 only the injunctive proceeding can be stayed during the pendency of the appeal. It does not suspend the executory proceeding. Since no injunction was granted and no stay order prohibiting the sale pending the appeal was granted, the sus-pensive appeal standing alone could suspend nothing. See Acme Mortgage Company v. Cross, 445 So.2d 1239 (4th Cir.1983).
The executory proceeding properly continued notwithstanding the pendency of the suspensive appeal. As a result the real estate was sold. The only relief sought by the appellants was an injunction preventing the sale.
It is firmly established under our jurisprudence that when an appeal is taken from an order denying injunctive relief, and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot. Sobolewski v. Brown, 405 So.2d 1254 (4th Cir.1981). The sale sought to be enjoined has already taken place. It is impossible for us to undo what has already been done, hence, only abstract proposition from which no practical result can follow are left for our decision. The long established policy of the courts of this state is not to render such advisory opinions.
Accordingly, we dismiss plaintiffs appeal as moot. Appellants are to pay all costs.
DISMISSED.