KLIEBERT, Judge.
This is a devolutive appeal by Washington Square Company from a judgment which denied its request for a preliminary injunction against the sale of real estate in a via executive foreclosure brought by Greater New Orleans Homestead Association, the mortgage holder. For the reasons which follow, we dismiss the appeal.
Greater New Orleans Homestead Association (GNOHA) filed a petition for exec-utory process alleging itself to be the holder of a $1,550,000.00 promissory note issued by Washington Square and secured by an act of mortgage on real estate.[1] GNOHA further alleged the act of mortgage contained a confession of judgment and that, as monthly installments on the note were past due and exigible, Washington Square was in default under the terms of the note and mortgage. Executory pro *252 cess issued as prayed for on April 18, 1986 and the sheriff was ordered to seize and sell the real estate at public auction.
On June 18, 1986 Washington Square filed a pleading entitled “Petition For Temporary Restraining Order And Injunction To Arrest Seizure And Sale Under Exec-utory Process.” A temporary restraining order (without bond) was immediately issued and a hearing for a preliminary injunction set for July 24, 1986. The restraining order was extended and the hearing continued on several occasions by agreement of the parties, who had entered into settlement negotiations. Negotiations were unsuccessful and on January 15-16, 1987 the motion for a preliminary injunction was taken up, tried and submitted, with each party to file a memorandum. A judgment denying the request for an injunction was rendered on March 23, 1987. Washington Square filed a timely motion for a devolutive appeal and requested that further proceedings be stayed pending consideration of the matter on appeal. The trial court refused to stay the proceedings, and both this court and the supreme court declined to disturb its decision.[2] On May 14, 1987 (after the record was lodged in this court) GNOHA filed a motion to dismiss the appeal on the ground that the appeal is moot as the sale sought to be enjoined took place on May 7, 1987.[3]
La.C.C.P. art. 2642 provides as follows: “Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a sus-pensive appeal from the order directing the issuance of the writ of seizure and sale, or both.
A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of the signing of the order. The appeal is governed by the provisions of Articles 2081 through 2086, 2088 through 2122, and 2124 through 2167, except that the security therefor shall be for an amount exceeding by one-half the balance due on the debt secured by the mortgage or privilege sought to be enforced, including principal, interest to date of the order of appeal, and attorney’s fee, but exclusive of court costs.”
Had Washington Square taken a suspen-sive appeal from the order directing the issuance of the writ of seizure and sale the property could not have been sold during the pendency of the appeal. Instead, it chose to file an action for injunctive relief.
There is no absolute right to a suspensive appeal from an order or judgment relating to a preliminary injunction. Rather, the suspension is at the discretion of the trial judge. La.C.C.P. art. 3612. Moreover, in cases such as the present where the court refused to grant injunctive relief, a suspensive appeal is inappropriate since there is no injunctive order to suspend, Acme Mortgage Co. Inc. v. Cross, 464 So.2d 945 (La.App. 4th Cir.1985), and even if appropriate, the appeal would not suspend the executory proceedings. Associates Financial Services of America, Inc. v. Eliser, 468 So.2d 33 (La.App. 5th Cir. 1985).
In rare cases a defendant may be able to secure a stay of the seizure and sale from an appellate court pending consideration of an appeal from injunction proceedings. See Fabacher v. Hammond Dairy Co., Inc., 389 So.2d 87 (La.App. 4th Cir.1980) and cases cited therein.
Therefore, the defendant who chooses to present defenses to the seizure and sale by way of a petition for injunctive relief takes, as did the defendant here, the substantial risk that the property will be sold before an appellate court has had an opportunity to consider the merits of an appeal from the denial of injunctive relief. Acme, supra at page 947. Thus, the lack of appellate review results from defendant’s choice as to *253 the procedure elected to assert his defenses.
As this court noted in Associates Financial Services of America, Inc., supra, at page 35:
“[1, 2] It is firmly established under our jurisprudence that when an appeal is taken from an order denying injunctive relief, and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot. Sobolewski v. Brown, 405 So.2d 1254 [(La.App.] 4th Cir.1981). The sale sought to be enjoined has already taken place. It is impossible for us to undo what has already been done, hence, only abstract proposition from which no practical result can follow are left for our decision. The long established policy of the courts of this state is not to render such advisory opinions.”
Accordingly, we dismiss this appeal as moot. Appellant is to pay all costs.
DISMISSED

. On December 27, 1982 GNOHA and Mr. Jack Stevens executed a written commercial partnership agreement for the formation of Washington Square Company. GNOHA transferred its 514So.2d — 8 partnership interest to Mr. John J. Derbes on May 15, 1984. Executory proceedings were instituted on April 3, 1986.

. See our docket, writ application No. 87-C-287; Supreme Court docket, writ application No. 87-CC-0919.

. GNOHA purchased the real estate for $1,050,-000.00. The deed was duly recorded and appears in Book 812, folio 550 of the Orleans Parish Conveyance Office.