BOWES, Judge.
Defendant/appellant Kent M. St.Amant (hereinafter St.Amant) appeals a judgment of the District Court denying his request for a preliminary injunction to arrest the sale of his property seized by executory process by plaintiffs/appellees E.L. and Richard J. Holmes (hereinafter the Holmes).
On December 22, 1988, the Holmes filed an unverified petition for executory process against St.Amant, individually and as president of “The Body Shoppe/Health and Fitness Center, Inc.” seeking a writ of seizure and sale on the mortgaged movable and immovable property. The court signed the order issuing the writ as prayed for on the day the petition was filed, December 22, 1988. Attached to the petition was a promissory note paraphed “ne varietur” to identify it with a collateral mortgage of May 19, 1988 and payable to the order of the Holmes in the amount of $350,000.00. On the reverse of the note was the endorsement: “Pay to the order of American Bank with recourse” and signed by the Holmes. Also attached to the petition was the certified copy of the collateral mortgage dated May 19, 1988. Appellant states in brief, although it does not appear in the record on appeal, that the hand note and assignment of the collateral mortgage note were not attached to the original petition but were informally sent to the clerk of court to be filed in the record.
*978 Tlie property was apparently seized pursuant to the order of December 22 and the judicial sale was set for February 15, 1989. On February 13, St.Amant filed a petition for a temporary restraining order, a preliminary injunction, and/or a permanent injunction and damages, requesting that the sale of the property be enjoined due to a number of irregularities in the petition for executory process such as lack of verification of authentic evidence.
A temporary restraining order was granted that same day, February 13. On February 16, 1989, the Holmes’ filed an “Amending Petition” in which they added a paragraph which was not originally submitted and which, for the first time, alleged that the obligation supported by the mortgage being foreclosed upon was in default. Further, the amending petition added a “Notarial Endorsement and Assignment of Collateral Mortgage Note” dated February 16, 1989, which evidenced that American Bank assigned the collateral mortgage note of May 19, 1988 back to the Holmes. The amending petition contained a “Verification” which attempted to relate back to the original petition. A “Motion for Release of Promissory Note”, was also filed into the record on that same date, February 16, in which the Holmes requested that the original note be released from the record in order to secure the “proper endorsement” of American Bank.
A rule to show cause on the preliminary injunction was originally set for February 23. On February 16, 1987, at the same time the “Amending Petition” was filed, the Holmes filed a “Motion to Revoke Temporary Restraining Order, Set Hearing on Preliminary Injunction, and Re-Set Sheriffs Sale” in which they requested, and were granted, the hearing which was set for February 21, 1989 and which further requested the Sheriffs sale be set for the following day, February 22, without further judicial notices and/or publication.
On that day, February 21, the trial court denied the preliminary injunction, allowed the belated verification and the amending petition, and granted the motion to waive judicial notices, setting the stage for the judicial sale of February 22. Appellant took writs to this Court, which were granted as follows:
On the showing made, the apparent failure to comply with the technical requirements of the Louisiana Code of Civil Procedure regarding executory process warrants issuance of a stay of the Sheriffs sale scheduled February 22, 1989 at 10:00 a.m. until fifteen (15) days after a written and signed judgment is issued by the trial judge pursuant to the minute entry dated February 21, 1989. The stay is issued to allow relator time to file an appeal pursuant to La.C.Civ.P. art. 3612. The appropriate review of “an order or judgment relating to a preliminary injunction” is an appeal. La.C.Civ.P. art. 3612.
A written judgment was subsequently rendered denying the injunction on the grounds that the allegations raised by St. Amant had been “cured”, and ordering a seizure and sale on the mortgaged property. It is from this judgment that defendant has appealed.
Despite the numerous defects and profoundly flawed proceedings, we are obliged to dismiss the present appeal as moot because the property in question has been sold. It is the position of this court that once sale has been accomplished under these circumstances, an appeal will not be entertained. In Associates Financial Services of America, Inc. v. Eliser, 468 So.2d 33 (La.App. 5 Cir.1985), a panel of our court stated:
It is firmly established under our jurisprudence that when an appeal is taken from an order denying injunctive relief, and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot. Sobolewski v. Brown, 405 So.2d 1254 [(La.App.] 4th Cir.1981). The sale sought to be enjoined has already taken place. It is impossible for us to undo what has already been done, hence, only abstract proposition from which no practical result can follow are left for our decision. The long established policy of the courts of this state is not to render such advisory opinions.
*979 Also New Orleans Homestead v. Wash. Square, 514 So.2d 251 (La.App. 5 Cir.1987).
In the present case, defendant could have raised objections to the proceedings, under La.C.C.P. art. 2642, by injunction or by suspensive appeal, or both. To quote New Orleans Homestead, supra, more extensively:
La.C.C.P. art. 2642 provides as follows: “Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both. A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of the signing of the order. The appeal is governed by the provisions of Articles 2081 through 2086, 2088 through 2122, and 2124 through 2167, except that the security therefor shall be for an amount exceeding by one-half the balance due on the debt secured by the mortgage or privilege sought to be enforced, including principal, interest to date of the order of appeal, and attorney’s fee, but exclusive of court costs.”
Had Washington Square taken a suspen-sive appeal from the order directing the issuance of the writ of seizure and sale the property could not have been sold during the pendency of the appeal. Instead, it chose to file an action for injunc-tive relief.
There is no absolute right to a suspen-sive appeal from an order or judgment relating to a preliminary injunction. Rather, the suspension is at the discretion of the trial judge. La.C.C.P. art. 3612. Moreover, in cases such as the present where the court refused to grant injunctive relief, a suspensive appeal is inappropriate since there is no injunctive order to suspend, Acme Mortgage Co. Inc. v. Cross, 464 So.2d 945 (La.App. 4th Cir.1985), and even if appropriate, the appeal would not suspend the executory proceedings. Associates Financial Services of America, Inc. v. Eliser, 468 So.2d 33 (La.App. 5th Cir.1985).
In rare cases a defendant may be able to secure a stay of the seizure and sale from an appellate court pending consideration of an appeal from injunction proceedings. See Fabacher v. Hammond Dairy Co., Inc., 389 So.2d 87 (La.App. 4th Cir.1980) and cases cited therein.
Therefore, the defendant who chooses to present defenses to the seizure and sale by way of a petition for injunctive relief takes, as did the defendant here, the substantial risk that the property will be sold before an appellate court has had an opportunity to consider the merits of an appeal from the denial of injunctive relief. Acme, supra at page 947. Thus, the lack of appellate review results from defendant’s choice as to the procedure elected to assert his defenses.
Both parties in the present case acknowledge in the respective briefs that the property has been sold pending appeal. For the reasons expressed in Associates Financial Services of America and New Orleans Homestead, supra, we are obliged to dismiss the present appeal. Appellant is to pay all costs.
DISMISSED.