|, HARRISON, Judge Pro Tempore.
Two of the plaintiffs, George and Carol Gekakis, appeal a judgment that rejected their claim for a preliminary injunction against all defendants and sustained an exception of no cause of action filed by two of them. For the reasons expressed, we dismiss the appeal.

Procedural background

George and Carol Gekakis, Jimmy and Angela Mijalis, and Mrs. Mary Templeton own three lots in a row on Sunrise Pointe in Southern Trace Subdivision in Shreveport. All lots are subject to a Declaration of Protective Covenants, Conditions and Building Restrictions (“Declaration”) which imposes, inter alia, a 40-foot rear setback. No home can be built less than 40 feet from the back line of the property, which (for these three lots) abuts Fairway 8 of the golf course. The Gekakis and Templeton homes have stood on their respective lots since the mid-1990s. The Mijalises began building on their lot, situated between the other two, in November 2001. The Gekakises and Mrs. Templeton noticed that the Mijalises’ foundation was “several feet over” the rear setback line. In mid-December, they notified the Mijal-ises and the Southern Trace Property Owners Association (“STPOA”), which is charged with enforcing the Declaration, of the apparent violation and demanded that construction cease.
About a year earlier, Mrs. Mijalis had contacted the chairman of the Architectural Control Committee (“Committee”), a three-member panel of the STPOA, and requested a variance. According to the Declaration, the Committee is empowered to grant variances without notice to other property | {.owners. The Committee’s chairman, Mr. Ramsey, gave informal approval in June 2001. The full Committee finally met and, on December 15, approved a variance allowing the Mij alises to build their house from 4]6 — 6 feet over the rear setback. This was filed in the Caddo Parish conveyance records on December 20.
The plaintiffs — Mr. and Mrs. Gekakis and Mrs. Templeton — filed suit for injunc-tive relief and damages on January 11, 2002. In addition to the violation of the Declaration, they alleged that they had a servitude of view under La. C.C. art. 701 which was impaired by the Mijalises’ proposed construction. They also alleged that the Committee violated their due process rights by granting a variance without proper notice to all property owners. They demanded a TRO, preliminary and *1118 permanent injunction to stop the Mijalises from building over the 40-foot setback, and to prevent the STPOA from enforcing the variance. They also prayed for “costs, expenses and reasonable damages shown in the premises.” On the showing made, the district court granted a TRO.
The Mijalises filed an exception of no cause of action, citing the variance. They prayed to dissolve the TRO and demanded damages. The preliminary injunction and the Mijalises’ claims were tried together over three days in late January 2002.
After taking the case under advisement, the district court found that the Committee acted reasonably and in good faith in granting the variance; that there was no due process violation; and that there was no servitude of view. The court therefore dissolved the TRO and denied the preliminary |3injunction. It also sustained the Mijalises’ exception of no cause of action, but deferred their claim for damages to a later hearing. The plaintiffs moved for appeal on February 13.
Less than one month later, however, the plaintiffs advised the court that they had reached a settlement with the Mijalises. A joint motion for partial dismissal dropped all plaintiffs’ claims against the Mijalises, in exchange for $11,700, and reserved all rights against the STPOA.
The Gekakises filed an appellate brief (Mrs. Templeton apparently did not pursue the appeal). By seven assignments of error, they originally asked this court to reverse the exception of no cause of action and to issue an injunction against the Mi-jalises and the STPOA. By a “Clarification of relief requested,” they now ask this court to do the following:
(1)Find that the granting of the exception of no cause of action was in error.
(2) Find that the determination that the TRO was improperly granted was in error.
(3) Find that a servitude of view existed.
(4) Find that a mandatory injunction voiding the variance granted by the STPOA should have been granted.
(5) Find that the injunction against the Mijalises should have been granted.

Discussion

The Mijalises have filed an exception of res judicata. They contend that relief items (1), (2), (4) and (5) directly challenge their right to resume building their house, but this right was expressly guaranteed in the settlement.
The STPOA has filed a motion to dismiss the appeal or, alternatively, an exception of no right of action. It argues that the real thrust of the suit|4and appeal was to enjoin construction of the Mijalises’ house; however, because of the settlement, this relief is no longer available. Thus, none of the five relief items, even if they had merit, could confer any actual relief; there is no way to restore the parties to the status quo. The STPOA concludes that a decree on these issues would be advisory, “serve no useful purpose and afford no practical relief.” Associated General Contractors Inc. v. State, 95-2105 (La.3/8/96), 669 So.2d 1185.
Both of these interrelated positions are well taken. The law is settled that when the conduct sought to be enjoined has already occurred or for other reasons cannot be prevented, the claim for injunction is moot and must be dismissed. Sobolewski v. Brown, 405 So.2d 1254 (La. App. 4 Cir.1981); Lauer v. City of Kenner, 445 So.2d 1308 (La.App. 5 Cir.1984). By virtue of the settlement, the court cannot issue any injunction, either to stop the Mijalises from building their house or to *1119 stop the STPOA from enforcing the variance it granted in favor of the Mijalises. A ruling such as the Gekakises request— that the district court should have granted a preliminary injunction, but without an order for the injunction to issue — would afford no practical relief. Rendering an advisory opinion would be an improper use of appellate jurisdiction. Associated General Contractors Inc. v. State, supra.
For these reasons, the appeal is dismissed. Sobolewski v. Brown, supra. The dismissal is without prejudice, as there is still the Gekakises’ unresolved claim for monetary damages against the STPOA. Costs of appeal are assessed to the appellants, George and Carol Gekakis.
APPEAL DISMISSED.