U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR BANC OF AMERICA
FUNDING CORPORATION, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES
2004-2

VERSUS

CYRIL G. LOWE, JR.

NO. 19-CA-411

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 778-719, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

March 17, 2020

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

<u>**DISMISSED AS MOOT**</u>
   **JJM**
   **SMC**
   **MEJ**

COUNSEL FOR PLAINTIFF/APPELLEE,
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BANC OF
AMERICA FUNDING CORPORATION, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2004-2
 Angelina Christina
 Kaja S. Elmer

COUNSEL FOR DEFENDANT/APPELLANT,
CYRIL G. LOWE, JR.
 Cyril G. Lowe, Jr.

**MOLAISON, J.**

This is a devolutive appeal by Cyril Lowe, Jr., appellant, from a judgment granting U.S. Bank National Association's motion for summary judgment to dismiss appellant's petition for injunctive relief to arrest the seizure and sale of his property. For the reasons that follow, we dismiss the appeal.

PROCEDURAL HISTORY

On June 30, 2004, appellant, Cyril Lowe, Jr., executed a $161,900.00 promissory note in favor of Sterling Financial Services, LLC. The note was secured by a mortgage on 809 Vouray Drive in Kenner, Louisiana, a rental property that Mr. Lowe purchased in 2003. By assignment, appellee, U.S. Bank, became the holder of the note and mortgage, with CitiMortgage servicing the loan.[1] On December 15, 2017, appellee filed a petition for executory process to enforce their rights, alleging that appellant failed to make payments on the note beginning on May 1, 2016.[2] On December 20, 2017, the district court ordered the writ of seizure and sale of the property, and a foreclosure sale was scheduled for September 5, 2018.[3]

On September 4, 2018, appellant filed a petition for injunctive relief, including a Petition for Temporary Restraining Order (TRO), Preliminary and Permanent Injunction requesting a sixty-day injunction.[4] The trial court granted

---

[1] Sterling Financial Services assigned the mortgage to CitiMortgage on August 31, 2016. On April 20, 2017, CitiMortgage assigned the mortgage to the trustee for holders of Banc of America Funding Corporation Pass-through Certificates, Series 2004-2. Appellee, U.S. Bank, is the current trustee.

[2] Appellee claims that appellant failed to pay the May 1, 2016 and "subsequent monthly installments." It is not clear if this means all subsequent installments. Appellant claims in his brief that his compensation was reduced until November 2016 due to heart surgery in April and July of 2015.

[3] On January 16, 2018, a deputy sheriff personally served notice of seizure on appellant. A judicial advertisement of sale at public auction was published on July 27, 2018 and August 31, 2018. Mennonite searches were conducted on August 28, 2018 by attorneys for U.S. Bank.

[4] Appellant asserts that he had been trying to obtain a loan modification from CitiMortgage before filing the petition. He claims he submitted an application to CitiMortgage which had been approved in September of 2017 but CitiMortgage withdrew due to appellant's failure to timely execute documents. A modification appeal was declined by CitiMortgage on July 30, 2018, due to insufficient current income and assets, with borrower showing a negative surplus of income from rental properties. Appellant was advised that he could reapply for a modification. On August 21, 2018, appellant contacted CitiMortgage loss mitigation department to fax documents for the modification review process to stop the forfeiture process.

the TRO and set a hearing for September 14, 2018 "to show cause why the Temporary Restraining Order should not be made a Preliminary Injunction and thereafter a Permanent Injunction, prohibiting the Sheriff's sale of Defendant's subject property for a period of 60 days from the date of issuance of a Judgment pertaining to the aforementioned Petition." The parties agreed to continue the hearing to allow appellant to seek a loan modification.[5]

On January 26, 2019, appellee filed a motion for summary judgment seeking an order to dismiss appellant's petition.[6] Appellant failed to file an opposition or to appear for the rule on April 2, 2019. The trial court granted the motion for summary judgment, finding that the temporary restraining order had expired by operation of law, and dismissed the other claims in appellant's petition in their entirety. On June 10, 2019, appellant filed a motion for devolutive appeal. The property was sold at auction on June 12, 2019.[7]

DISCUSSION

Appellant alleges the trial court erred in granting the motion for summary judgment due to appellee's breach of its agreement to not proceed with foreclosure referral or sale during his application for a loan modification. Appellant raises the issue of whether he has a cause of action for injunctive relief based on that breach. This Court cannot find a cause of action for injunctive relief, however, as the foreclosure sale has already occurred.

Under the provisions of La. Code of Civil Procedure article 2642, appellant could have filed a suspensive appeal from the December 20, 2017 order of the writ

---

[5]On October 16, 2018, CitiMortgage delivered a request for missing documents to appellant for his modification request, requesting the documents by October 31, 2018. CitiMortgage closed its file on the loan modification application as incomplete, denying the modification request. While appellant claims he submitted all necessary documents, counsel for appellee submitted to the trial court on April 2, 2019 that appellant did not submit a complete application by failing to provide a contribution letter from his wife.
[6] The trial court originally issued a rule to show cause for March 6, 2019, which was reset after five unsuccessful attempts to serve appellant. On February 23, 2019, appellant accepted service of the rule to show cause set for April 2, 2019.
[7] On May 3 and June 7, 2019, appellee published judicial advertisement of the sale at public auction.

19-CA-411                                        2

of seizure and sale of the property, in addition to his injunction proceeding.

Instead, appellant chose to only pursue an injunction to arrest the seizure and sale

on September 4, 2018.   This very issue was clearly addressed in *Acme Mortgage*

*Co., Inc. v. Cross*, 464 So.2d 945, 946–947 (La. App. 4 Cir. 1985):

> A suspensive appeal taken within fifteen days from the issuance of the
> writ of seizure and sale suspends its execution during the pendency of
> the appeal, and the property cannot be sold. On the other hand, if a
> defendant chooses to seek injunctive relief and the Trial Court denies
> it, there is no right to a suspensive appeal, La. C.C.P. art. 3612, and
> while there is a right to a devolutive appeal, more probably than not,
> the property will be sold while the appeal is pending.

Appellant's notice of appeal failed to request a stay of the proceedings

pending appeal to prevent the sale.  Under La. Code of Civil Procedure article

3612, only the injunctive proceeding can be stayed during the pendency of the

appeal.  It does not suspend the executory proceeding unless ordered by the court.

*Associates Financial Services of America, Inc. v. Eliser*, 486 So.2d 33, 35 (La.

App. 5 Cir. 1985).  As this Court has previously cautioned in *Greater New Orleans*

*Homestead Ass'n v. Washington Square Co.,* 514 So.2d 251, 252-53 (La. App. 5

Cir. 1987), *writ denied*, 516 So.2d 372 (La. 1988):

> [T]he defendant who chooses to present defenses to the seizure and
> sale by way of a petition for injunctive relief takes, as did the
> defendant here, the substantial risk that the property will be sold
> before an appellate court has had an opportunity to consider the merits
> of an appeal from the denial of injunctive relief. *Acme, supra* at page
> 947.  Thus, the lack of appellate review results from defendant's
> choice as to the procedure elected to assert his defenses.

Appellant chose to assert his defenses and procedural objections through the

injunction proceeding to arrest the seizure and sale, which he claims should not

have been dismissed by a motion for summary judgment, yet he failed to litigate

his application for preliminary injunction.[8]  While he seeks to assert his defenses in

---

[8] La. C.C.P. art. 3606 provides that a party who obtains a TRO shall proceed with an application for preliminary injunction when it comes for hearing, and upon his failure it shall be dissolved. Appellant's petition for injunctive relief requested a "Permanent Injunction prohibiting the Sheriff's sale of Defendant's subject property for a period of 60 days from the date of the order."  The hearing on April 2, 2019 to dismiss the petition for injunction was held more than sixty days from the trial court's order of September 4, 2018.

his appellate brief, it is well-settled that the appellate briefs are not part of the record on appeal, and this Court has no authority to consider facts referred to in appellate briefs if they are not in the record that is lodged in the appellate court. *Austin v. State Farm Ins. Co*, 06-808 (La. App. 5 Cir. 3/13/07), 956 So.2d 13, 15, *writ denied*, 07-0761 (La. 6/1/07), 957 So.2d 178.[9]  Appellant's issues should have been raised in a hearing on the petition for injunction, or the appellee's motion for summary judgment, before it was dismissed by the trial court on April 2, 2019.

The property was sold at auction on June 12, 2019.  Since the sale is an accomplished fact, there is no order or judgment this court could render to grant appellant the relief he seeks or undo that which has already been done.  *Walters v. Childers*, 38 So.2d 160, 161 (La. 1948).  Any judgment or decree by this court would only be an advisory opinion, offering no practical relief.  *Assocs. Fin. Servs. of Am. v. Eliser*, 468 So.2d at 35.  The established policy of the courts of this state is to dismiss an appeal of an order denying injunctive relief as moot if the act sought to be enjoined is accomplished pending appeal. *Holmes v. St. Amant*, 550 So.2d 977 (La. App. 5 Cir. 10/12/89); *Mr. Pizza, Inc. v. Furlow*, 230 So.2d 649, 652 (La. App. 4 Cir.1970); *Savings Bank of Baltimore v. Venture 73*, 452 So.2d 395, 396 (La. App. 3 Cir. 1984), *writ denied*, 458 So.2d 487 (La. 1984); *United Companies Lending Corp. v. Hall*, 97-2525 (La. App. 1 Cir. 11/6/98), 722 So.2d 48, 50–51.

Accordingly, we dismiss appellant's appeal as moot.

DISMISSED AS MOOT

---

[9] On November 21, 2019, Appellant sought to supplement the appellate record with documents he submitted to Appellees which were "central to issues before this Honorable Court in this matter."  This Court denied the motion, as they were not first filed in the trial court. The record on appeal is that which is sent by the trial court to the appellate court and includes a transcript of the proceedings and all documents filed in the trial court. La. C.C.P. art. 2128.  Documents which were central to the issues should have been filed with the trial court for their consideration in response to appellee's motion for summary judgment, or introduced into evidence at the hearing on the petition for injunctive relief.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 17, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-411**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
STACY C. WHEAT (APPELLEE)          ANGELINA CHRISTINA (APPELLEE)          KAJA S. ELMER (APPELLEE)

**MAILED**
CYRIL G. LOWE, JR. (ATTORNEY)
325 ELMEER AVENUE
METAIRIE, LA 70005