| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R4 | * | NO. 2021-CA-0430 |
|---|---|---|
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| VERSUS | * * * * * * * | |
| MAYLOIS CONERLY PRICE, (A/K/A MAYLOIS CONERLY, MAYLOIS PRICE, MAYLOIS BACOT, MAYLOIS CONERLY BACOT) | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-00367, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Dale N. Atkins)

**ATKINS, J., CONCURS IN THE RESULT**

Stephen W. Rider
McGLINCHEY STAFFORD, PLLC
601 Poydras Street
12th Floor
New Orleans, LA 70130

Amanda S. Stout
McGLINCHEY STAFFORD, PLLC
301 Main Street, Suite 1400
Baton Rouge, LA 70801


COUNSEL FOR PLAINTIFF/APPELLANT

Lena Rachal Hinton
ATTORNEY AT LAW
2528 Tulane Avenue
New Orleans, LA 70119

COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**

**DECEMBER 15, 2021**

DLD
JCL

In this case involving executory process, the plaintiff, Deutsche Bank National Trust Company, as trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-R4 ("Deutsche Bank") appeals the trial court's granting of a preliminary injunction in favor of the defendant and plaintiff in reconvention, Maylois Conerly Price, (A/K/A Maylois Conerly, Maylois Price, Maylois Bacot, Maylois Conerly Bacot) ("Ms. Bacot"). For the reasons that follow, we reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

On May 24, 2005, Ms. Bacot executed a promissory note in the original principal sum of $204,000.00 payable to the order of Ameriquest Mortgage Company, bearing an adjustable rate, together with a mortgage as security for the promissory note. The mortgage was also executed by Ms. Bacot's spouse, Donald Ray Bacot. At all relevant times. Ms. Bacot's mortgage loan was serviced by Ocwen Loan Servicing or its successor, PHH Mortgage Services, on behalf of Deutsche Bank.

1

Ms. Bacot did not make all of her mortgage loan payments timely. This led to Ms. Bacot and Ocwen entering into a loan modification agreement on December 3, 2014. The 2014 loan modification agreement established a new principal balance due under the note, of which $74,322.64 was deferred and treated as a non-interest bearing principal forbearance. One hundred percent of the deferred principal balance was eligible for forgiveness in equal installments over three years. However, if Ms. Bacot defaulted on her new monthly payments to the extent that three or more monthly payments were overdue and unpaid on the last day of any month, then she was not eligible for forgiveness of the deferred principal balance. The 2014 loan modification agreement also included a shared appreciation provision.

Ms. Bacot did not comply with the terms of the 2014 loan modification agreement. On January 1, 2015, Ocwen received a payment in the amount of $1,233.11 on the loan via an automated clearing house (ACH) payment. Upon receipt of the payment, Ocwen updated the terms of the loan in accordance with the 2014 modification agreement. The January 1, 2015 payment was returned because the bank account information entered by Ms. Bacot for the ACH was incorrect. Accordingly, the terms set forth in the 2014 modification agreement were reversed on January 16, 2015 because the loan was more than three months past due.

Ms. Bacot then made a payment on or about January 31, 2015, in the amount of $2,000.00 over the telephone via SpeedPay. This payment was returned by Ms.

Bacot's bank on February 5, 2015, due to insufficient funds. On February 13, 2015, Ocwen received a payment of $500.00 on the loan. A payment in the amount of $1,233.11 was then received on February 18, 2015. These payments were returned to Ms. Bacot because Ocwen's policy is that once an account is 90 days delinquent, it will only accept funds that will reinstate the account, pay the loan in full, or satisfy the payments due under a payment arrangement. The payments did not equal two payments which were needed to complete the 2014 loan modification agreement and were insufficient to reinstate the account.

Ocwen did not receive any payments on the loan between February 19, 2015, and May 1, 2015.

Discussions between Ms. Bacot and Ocwen regarding payments and the 2014 loan modification took place between January 2015 and May 2015. Ocwen agreed to update the loan account to reflect the terms of the 2014 modification agreement. However, since payments had not been received on the account, the loan was past due for the February 1, 2015 to May 1, 2015 payments and was more than 90 days delinquent. Therefore, the loan was not eligible for the principal forgiveness under the terms of the 2014 modification agreement.

Ms. Bacot's mortgage loan again fell delinquent and, on August 20, 2015, Ocwen offered Ms. Bacot a temporary repayment agreement, which required Ms. Bacot to submit a payment of $4,442.00 on or before September 1, 2015, and make payments in the amount of $1,769.82 each month beginning October 1, 2015, through September 1, 2016, (11 payments). At the time, the loan was due for the

3

February 1, 2015, to August 1, 2015 payments. Ms. Bacot accepted the temporary repayment agreement.

Ms. Bacot made payments under the temporary repayment agreement until November 2015 when she notified Ocwen that she wanted to cancel the repayment plan and pursue a loan modification. To be considered for a loan modification, Ms. Bacot was required to submit an application and various supporting documents. Eventually, Ms. Bacot submitted all required documents and, on February 6, 2016, Ocwen offered Ms. Bacot a loan modification which required a down payment of $1,083.27 by March 1, 2016, and monthly payments in the same amount subject to changes in escrow accounts owed, starting April 1, 2016. The 2016 modification agreement capitalized the delinquent amounts, which increased the principal balance, and included a balloon payment due at maturity, among other things. These terms were acceptable to Ms. Bacot and she executed the 2016 loan modification agreement.

Ms. Bacot made payments under the 2016 modification agreement until August 2018, when her payment was returned by her bank. Ms. Bacot submitted a second payment in August 2018, and continued to make payments until March 2019 when another payment was returned by her bank. The payment Ocwen received on or about March 29, 2019, was returned by Ms. Bacot's bank, causing the loan to be one month past due. The next payment was received on or about April 10, 2019, and was applied to the March 1, 2019 loan payment.

4

The loan service was transferred from Ocwen to PHH Mortgage Services effective April 11, 2019. Ocwen received no further payments from Ms. Bacot on the loan after the April 10, 2019 payment. The first payment received by PHH on the loan was on or about July 31, 2019, in the amount of $4,237.80, which was applied to the April 1, May 1, and June 1, 2019 payments. As a result, Ms. Bacot's loan was once again one month past due. PHH received no payments on the loan following July 31, 2019.

Deutsche Bank filed a petition for executory process with benefit of appraisal on January 14, 2020. A writ of seizure and sale was issued on January 22, 2020. Ms. Bacot filed a motion for preliminary and, in due course, permanent injunction to petition for executory process with benefit of appraisal along with her reconventional demand[1] on June 10, 2020. Deutsche Bank opposed the motion for preliminary injunction. A hearing on the motion took place on May 21, 2021, and, in open court, the trial court granted Ms. Bacot a preliminary injunction enjoining Deutsche Bank's foreclosure. A written judgment granting Ms. Bacot's preliminary injunction was signed on July 14, 2021. Deutsche Bank appeals the trial court's judgment.

**DISCUSSION**

On appeal, Deutsche Bank raises the following specification of error: "The Trial Court erred when it granted Appellee a preliminary injunction against Appellant's Petition for Executory Process." Put another way, the following issues

---

[1] Ms. Bacot's reconventional demand was severed from the executory process suit and is not at issue in this appeal.

5

are presented for review: (1) whether a preliminary injunction should be issued to enjoin an executory process action when there is a dispute about the amount owed on the mortgage loan; and (2) whether an injunction against an executory process action is warranted where all evidentiary requirements for an executory process foreclosure were met, standing to enforce the note existed, and where the defendant presented no sufficient evidence to support an injunction under La. C.C.P. art. 2751.

This Court reviews legal issues related to the grant or denial of a preliminary injunction under a *de novo* standard of review. *S.E. Auto Dealers Rental Ass'n. v. EZ Rent to Own, Inc.*, 2007-0599, p. 5 (La.App. 4 Cir. 2/27/08), 980 So.2d 89, 93. "A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights." *Id.* (citing *Evans v. Lungrin*, 97-0541, pp. 6-7 (La. 2/6/98), 708 So.2d 731, 735).

An executory process action may be enjoined under limited circumstances "in cases where irreparable injury, loss, or damage may otherwise result to the applicant . . . ." La. C.C.P. art. 3601(A). A preliminary injunction is a procedural device designated to preserve the existing status pending a trial of the issues on the merits of the case. *Corrosion Specialties & Supply, Inc. v. Dicharry*, 93-196 (La.App. 5 Cir. 2/9/94), 631 So.2d 1389, 1392. The grounds for granting an injunction to arrest a seizure and sale are specifically limited by La. C.C.P. art. 2751. Article 2751 provides that "[t]he defendant in the executory proceeding may

6

arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed." These are the only grounds on which an executory process matter may be enjoined. Injunctions in executory process matters are otherwise governed by the general rules for injunctions found in Articles 3601 through 3609 and 3612 of the Louisiana Code of Civil Procedure, except that a temporary restraining order is not available. *See* La. C.C.P. art. 2752(A). Ms. Bacot did not show any of the limited grounds to enjoin an executory process action and did not show that she could succeed on the merits.

La. C.C.P. art. 2751 provides that a defendant may enjoin an executory process proceeding when "the debt secured by the security interest, mortgage or privilege" is legally unenforceable. The note is a contract between Ms. Bacot and Deutsche Bank. "A contract is formed by the consent of the parties established through offer and acceptance." La. C.C. art. 1927. It has "the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law." La. C.C. art. 1983. "A contract is null when the requirements for its formation have not been met." La. C.C. art. 2029. Ms. Bacot presented no argument that the requirements for the formation of the note were not met. Ms. Bacot also did not argue that the note had been dissolved by the consent of the parties or by law.

7

Ms. Bacot argued that Deutsche Bank (1) breached its obligations under the loan modification agreement; (2) assigned multiple entities as loan services who failed to correctly and adequately report payments made by Ms. Bacot; (3) concealed mortgage payments made by Ms. Bacot; (4) failed to acknowledge and apply an agreed upon qualified debt cancellation to reduce the principal amount due; (5) failed to produce information and documentation regarding the identity of the loan holder, amortization of payments, assignment of the mortgage and loan modification despite Ms. Bacot's request for same; and (6) allegedly fabricated Ms. Bacot's signature on a loan modification application. However, none of these arguments (even if true) make a prima facie case that the note is unenforceable.

In Louisiana, "a sale by executory process cannot be enjoined because of a dispute involving the amount remaining due on the debt. The sale is made to satisfy the undisputed or actual debt." *La. Nat'l Bank of Baton Rouge v. Heroman*, 280 So.2d 362, 376 (La.App. 1 Cir. 1973); *see also Am. Budget Plan, Inc. v. Small*, 229 So.2d 190, 193 (La.App. 4 Cir. 1969). In these situations, although there is a dispute about the amount of the debt due, there is "[a]uthentic proof of the existence of a debt" and, therefore, no basis upon which to enjoin the foreclosure sale. *See Heroman*, 280 So.2d at 377; *Small*, 229 So.2d at 193. "[O]nly the fact that [a borrower is] in default at all, and not the amount of the overdue payments, [is] relevant" in an executory process foreclosure. *Wells Fargo Bank, Minn. N.A. v. New Orleanian Ltd. P'ship*, 2002-2228, p. 8 (La.App. 4 Cir. 8/27/03), 855 So.2d 388, 392.

Ms. Bacot and Ocwen entered into a loan modification agreement in 2014, which Ms. Bacot breached. Ms. Bacot then entered into a temporary repayment agreement, which she cancelled to apply for a loan modification. Ms. Bacot was granted another loan modification in 2016, which she then breached by not making any payment after July 31, 2019. It is undisputed that Ms. Bacot made no payment after July 31, 2019. Irrespective of whether payments prior to this time were or were not returned or whether a portion of the debt should have been canceled under a prior loan modification agreement, when Deutsche Bank foreclosed on January 14, 2020, the loan was almost six months past due.

When the executory process was filed on January 14, 2020, Ms. Bacot was in default. She provided no evidence to the contrary. The trial court's decision to grant a preliminary injunction because of a dispute concerning the amount owed was legal error.

In order to enforce a mortgage or privilege on property in an executory proceeding, the plaintiff must file a petition praying for the seizure and sale of the property (La. C.C.P. art. 2634), and must attach to that petition only the following: authentic evidence of the note and the authentic act of mortgage importing a confession of judgment. La. C.C.P. art. 2635. "If the plaintiff is entitled thereto, the court shall order the issuance of a writ of seizure and sale commanding the sheriff to seize and sell the property affected by the mortgage or privilege, as prayed for and according to law." La. C.C.P. art. 2638.

In the instant case, Deutsche Bank filed a petition for executory process asking for an order of seizure and sale of the property, and attached the original note and a certified copy of the mortgage. Thus, Deutsche Bank complied with the procedures to foreclose the executory process. Ms. Bacot presented no evidence or argument to the contrary. Although Ms. Bacot makes several other arguments to enjoin an executory process action, they are insufficient because they do not show that the debt secured by the mortgage is unenforceable or that the procedure required for executory process was not followed.

**CONCLUSION**

For the foregoing reasons, the trial court's granting of Ms. Bacot's motion for preliminary injunction against Deutsche Bank is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**